No. 16,880.

Stalford et al. *v.* Board of County
Commissioners of Prowers County.
(263 P. [2d] 436)

Decided November 16, 1953.

Mr. FRED M. WINNER, Mr. WILLIAM G. BERGE, for plaintiffs in error.

Mr. ARTHUR C. GORDON, Mr. ST. GEORGE GORDON, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE Board of County Commissioners of the County of Prowers, State of Colorado, instituted an action under our Eminent Domain Act against certain landowners in Prowers county, among whom were the Stalfords, to acquire title to parts and parcels of their lands for the construction of a county road. At the conclusion of the proceedings, the trial court entered its judgment and decree for petitioner, awarding the lands described in the petition to the county and adjudging the amount due respondents therefor. The Stalfords bring the cause here by writ of error seeking a reversal of the judgment and decree.

The Board of County Commissioners of the County of Prowers, State of Colorado, defendants in error here, will hereinafter be referred to as petitioner, and the Stalfords, plaintiffs in error here, will be referred to hereinafter as respondents.

The record consists of two volumes of more than 1050 folios, and chronologically, omitting unimportant filings, discloses: The petition was filed on April 26, 1950, supported by the affidavit of two disinterested persons, fix-

ing the value of the lands described in the petition, and on the same day the court entered its order for temporary possession; May 3, 1950, respondents filed their motion to dismiss and set aside the temporary order for possession based upon the ground, among others, that no summons or notice of any court orders made had been served upon them according to law; May 10, 1950, petitioner filed a petition for a contempt citation, supported by affidavit, alleging interference with the temporary order by one of the Stalfords, and on that day a citation in contempt was issued; May 12, 1950, there was a hearing on the citation, respondent found guilty and admonished, but no punishment imposed; January 8, 1951, respondents filed their amended motion "to dismiss the above entitled cause" or to enjoin petitioner from using the right of way which they then held, which motion was based upon the ground, inter alia, that the summons and notice of orders were not served on defendants in accordance with law; February 9, 1951, respondents' motion to dismiss was heard, and determination thereof reserved until February 23, 1951; February 17, 1951, petitioner filed its amended petition in condemnation, which was, except in one minor and immaterial allegation, identical with the petition filed on April 26, 1950; February 23, 1951, the court, in announcing its ruling on respondents' motion to dismiss, stated, "The Court took the matter of the amended motion to dismiss under advisement a short time ago, and the Court is now of the opinion that the Petitioners did not fully comply with the requirements of the laws in giving the Respondents Stalfords notice of the hearing of the application for temporary possession, and, therefore, the Motion to Dismiss is granted." Thereupon the court heard evidence on the amended petition respecting the propriety of entering an order for immediate possession of the parts and parcels of land described in the original and amended petition, at which hearing the two disinterested witnesses who filed affidavits supporting the original petition testified

444

respecting the value of the lands to be taken and placed their value in the identical amounts contained in the affidavit filed with the original petition. At this hearing there was introduced in evidence letters, sent by registered mail with return receipt requested, dated February 9, 1951, from petitioner offering to purchase the parts or parcels of land described in the original and amended petition for the exact amount specified in the two affidavits filed on April 26, 1950, and, according to the return receipt, one of the letters was received by a respondent on February 16, 1951, the remainder thereof being received by the addressees on February 17, 1951. At this hearing the court entered its order for temporary possession, although petitioner was in possession at all times subsequent to April 26, 1950, and the road was completed May 8, 1950. Subsequently, and on April 18, 1951, respondents filed their answer to the amended petition, and for a first defense denied that there had been any attempt made by petitioner to agree with the respondents on the compensation to be paid for the property described in the petition, and that therefore the court was without *jurisdiction* to grant any relief. The trial of the action resulting in the judgment and decree hereinbefore set out began on May 21, 1951; the jury returned its verdict on May 24, 1951, and the judgment and decree was entered by the court on July 27, 1951. The cause came at issue in this court on June 25, 1953.

 It is manifest from the record that the petition, together with the two affidavits, were considered by the court on April 26, 1950, as if the petition had been one filed under the provisions of chapter 175, S.L. Colo. 1907 (sections 42-48, chapter 61, '35 C.S.A.) which we have held to be inapplicable to the factual situation here presented. *Swift v. Smith,* 119 Colo. 126, 201 P. (2d) 609. In the present proceeding the action, to be maintained, must be brought within the purview of sections 1-20, chapter 61, '35 C.S.A. *Swift v. Smith, supra.* It should be noted that petitioner's counsel, for reasons not dis-

closed, filed a so-called amended petition on February 17, 1951, preceding which filing it sent the letters hereinbefore mentioned, dated February 9, 1951, and received by respondents on the dates hereinbefore detailed. In the original petition filed on April 26, 1950, it is alleged, inter alia: "The compensation to be paid to the respondents herein for the acquisition of said parcels sought to be appropriated and condemned herein cannot be agreed upon between petitioners and respondents." In the so-called amended petition filed on February 17, 1951, the same identical language is used, adding thereto, "that the respondents, Elmer L. Stalford and Ida E. Stalford, have failed and refused and do continue to fail and refuse to allow the · Board of County Commissioners to obtain peaceable possession of parcels hereinabove set forth, belonging to them." This added allegation is wholly incompetent, irrelevant and immaterial to any matters pertaining to an eminent domain action, but was relevant to the contempt proceeding theretofore heard on May 12, 1950. It has been determined that our rules of civil procedure apply to actions brought under the provisions of sections 1-20, chapter 61, '35 C.S.A. (*Boxberger v. State Highway Commission,* 126 Colo. 526, 251 P. (2d) 920) and the so-called amended petition, if such it be, related back to the time of the filing of the original petition, Rule 15 (c), R.C.P. If petitioner's offer of February 9, 1951, contained in letters received by respondents on February 17, 1951, was for the purpose of establishing that the compensation could not be agreed upon between the parties, it was unavailing because, as we have said, the amended petition, under Rule 15 (c), supra, related back to the date of the original petition.

Section 2, chapter 61, '35 C.S.A., provides for petitions to be filed in condemnation actions, and, among other things, requires that it must be alleged, "and the compensation to be paid for in respect of the property sought to be appropriated or damaged for· the purposes above mentioned, cannot be agreed upon by the parties

interested." This allegation is found, as we have said, in the original petition filed on April 26, 1950, and also in the so-called amended petition filed on February 17, 1951, but it is controverted in respondents' answer; that the burden is upon petitioner to prove this allegation is unquestioned and supported by all authorities. The record supports the statement that there is an entire and complete absence of any evidence to establish that petitioner, or any one authorized by it so to do, made any attempt whatever to agree with respondents on the compensation to be paid for the lands to be taken in the condemnation action before it was instituted. In *Mulford v. Farmers Reservoir and Irrigation Company,* 62 Colo. 167, 161 Pac. 301, our court had the quoted portion of said section 2 before it for construction, and therein said: "It is apparent from these express provisions of the statute that failure to agree upon compensation to be paid for land sought to be taken or damaged *is made a condition precedent to the right to institute and maintain proceedings thereunder at all, and is clearly jurisdictional,* * * *." (Italics ours)

We recently have had occasion again to consider the quoted part of said section 2 in *Oldtimers Baseball Association of Colorado v. Housing Authority of the City and County of Denver,* 122 Colo. 597, 224 P. (2d) 219, wherein the only point discussed is: "The gist of the contention of plaintiffs generally is, that the trial court did not have jurisdiction of the case, in that the Housing Authority did not, prior to the institution of its condemnation proceeding, negotiate with plaintiffs in an effort to reach an agreement upon compensation to be paid for the property sought to be condemned." With reference thereto our court said: "The above contention of plaintiffs is based upon, (1) the provisions of section 2, chapter 61, '35 C.S.A.; and (2) upon our interpretation thereof in *Mulford v. Farmers Reservoir and Irrigation Company,* 62 Colo. 167, 161 Pac. 301. The above statute provides: 'In all cases where the right to take private property for

public or private use without the owners' consent * * * has been heretofore or shall hereafter be conferred by general laws or special charter * * * and the compensation to be paid for in respect of the property sought to be appropriated or damaged for the purposes above mentioned, cannot be agreed upon by the parties interested, * * * it shall be lawful for the party authorized, to take or damage the property so required * * *."

█ We then expressly approved the quoted part of the opinion in *Mulford v. Farmers Reservoir and Irrigation Company, supra,* holding that the burden of proof was upon the petitioner in a condemnation action to establish by competent evidence that there was a failure to agree upon the compensation to be paid for land sought to be taken or damaged. We held in *Mulford v. Farmers Reservoir and Irrigation Company, supra,* and in *Oldtimers Baseball Association v. Housing Authority of the City and County of Denver, supra,* that the petitioner must allege and prove a failure to agree, after negotiations, on the compensation to be paid for the land sought to be taken or damaged before it had any right to *institute* and maintain the action and that this was clearly jurisdictional.

Under our decisions in the Mulford-Farmers and the Oldtimers-Housing cases, supra, it becomes our duty to hold, which we do, that upon the record presented here the trial court did not acquire jurisdiction to proceed under the provisions of the Eminent Domain Act, supra, because of petitioner's failure to present any evidence whatever to support its controverted allegation that it and respondents were unable to agree upon the compensation to be paid for the lands sought to be taken.

Upon this failure being called to the court's attention, it became its duty to dismiss the action, and for its failure so to do the judgment and decree is reversed and the cause remanded with instructions to set the same aside and dismiss the action at petitioner's costs.