## No. C-1614

### Albert J. Gebhardt v. Joan Ann Gebhardt

(595 P.2d 1048)

Decided June 11, 1979.

G. William Beardslee, for petitioner.

Frank T. Johnson, Jr., for respondent.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The petitioner in this action, Albert J. Gebhardt, filed a "Motion to Amend Separation Agreement" in the District Court of Larimer County, seeking to reduce his monthly child support obligations, payable to the respondent, his ex-wife. The relief sought was granted by the district court but reversed by the Colorado Court of Appeals. We granted certiorari to review the judgment below, and we now reverse the court of appeals, reinstating the order of the district court.

The marriage of the petitioner and the respondent was dissolved on August 11, 1975. At that time a separation agreement was incorporated into the divorce decree. It contained separate provisions for child support and spousal maintenance. As child support payments for the three children of the marriage, the petitioner agreed to pay $200 per month to the respondent, totalling $600 per month. Such payments were to continue as to each child until that child reached majority, emancipation, or termination of post high school education.

The spousal maintenance provision provided for an outright payment by the petitioner of $50 per month to the respondent for her support. In addition, half of the child support payments were to be converted to maintenance payments at such time that petitioner's child support obligations terminated as to each child.

The separation agreement further provided for a change in the amount of the maintenance and child support payments by application of either party upon a showing of "a substantial change of circumstances." The respondent wife was advised by counsel prior to signing the separation agreement; the petitioner was not.

The respondent remarried on November 11, 1976. On February 3, 1977, the petitioner initiated the present action, seeking to reduce the $600 per month designated as child support to $375 per month ($125 per child per month). He alleged in his motion to amend the agreement that substantial portions of the child support payments were being used to support "other members of the household."

The district court agreed. It specifically found that "portions of the monies paid to [the respondent] under the term 'child support' have been utilized for her own personal support." The court further found that such use of the child support money was *intended* by the petitioner and the respondent at the time the agreement was signed, despite the fact that it was designated as "child support" and not as "maintenance." This finding was based upon the provisions in the "maintenance" section of the agreement which provided that upon termination of each child's support obligation, half of that child's support payment was to be converted into maintenance.

The district court concluded that, because of the respondent's remarriage, the portion of the child support payments which were actually intended as maintenance were no longer owed to the respondent. It therefore reduced the monthly child support payments to $160 per child per month,

totalling $480 per month.

The court of appeals reversed. It concluded that the petitioner "neither alleged a substantial change of circumstances . . . nor presented evidence of such a change at the hearing on the motion." It further stated that

"[C]ontrary to husband's contention, there was no evidence and the trial court did not find that the support money was not being used for the children."

■ We reverse the court of appeals. As the above quote makes clear the court of appeals' opinion totally disregards the trial court's findings of fact. It is axiomatic that an appellate court cannot substitute itself as a finder of fact, and that the factual findings of the lower court sitting without a jury are not to be disturbed upon appeal unless clearly erroneous and not supported by the record. *See Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968).

■ We find no such error here. Rather we think that the trial court's finding that part of the child support payments were being used and were intended to be used by the respondent for her own support was amply supported by the record. We also agree that respondent's remarriage warrants a reduction in the "child support" payments to eliminate that portion of the payment actually intended as maintenance. Section 14-10-122(2), C.R.S. 1973, is controlling on this point:

"14-10-122. Modification and termination of provisions for maintenance, support, and property disposition . . . . (2) Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the *remarriage* of the party receiving maintenance." [Emphasis added.]

There is no provision in the separation agreement providing that maintenance would continue after the respondent remarried. Indeed, the $50 per month flat maintenance payment terminated upon respondent's remarriage, and that termination is not contested upon appeal. The same principle must apply to that portion of the "child support" payment which was found by the trial court to be, in fact, maintenance for the support of the respondent.

The judgment of the court of appeals is reversed and the cause is returned to the court of appeals with directions to reinstate the judgment of the trial court reducing petitioner's child support payments to $480 per month.