**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF JEFFERSON, State of Colorado, Petitioner-Appellee,**

v.

**Fay AUSLAENDER and Bennett A. Auslaender, Respondents-Appellants.**

No. 84CA0572.

Colorado Court of Appeals, Div. I.

Aug. 15, 1985.

Rehearing Denied Sept. 12, 1985.

Certiorari Granted Dec. 16, 1985.

Patrick R. Mahan, County Atty., H. Lawrence Hoyt, Asst. County Atty., Golden, for petitioner-appellee.

Hill & Robbins, Ronald L. Wilcox, David W. Robbins, Denver, for respondent-appellant Fay Auslaender.

Berenbaum and Weinshienk, Marshall D. Brodsky, Denver, for respondent-appellant Bennett A. Auslaender.

PIERCE, Judge.

Fay and Bennett A. Auslaender, (Auslaender) respondents in a condemnation action brought by the Board of County Commissioners of the County of Jefferson (County), appeal from the trial court order denying recovery of attorney fees. We reverse.

On June 30, 1983, Jefferson County resolved to acquire the Auslaender property. That resolution stated that prior to institution of eminent domain proceedings, the Board of County Commissioners "desires to give notice of its intent to acquire ... and to enter into good faith negotiations with [the] owners...." In a letter dated

June 29, 1983, an offer was made to one of the Auslaenders by the County. The record indicates no prior notice or offers.

On July 5, 1983, the county attorney filed a petition in condemnation. Thereafter, on August 18, the commissioners by resolution ratified the county attorney's bringing of the action. The Auslaenders moved to dismiss on the grounds that the County lacked the authority to begin a condemnation action since it had failed to pursue good faith negotiations. The motion to dismiss was granted.

The Auslaenders then moved for attorney fees under § 13–16–121, C.R.S. (1983 Cum.Supp.) (now codified as § 13–17–102 1984 Cum.Supp). The trial court found that bringing the action was not frivolous, and denied the motion. The Auslaenders contend that ruling was erroneous. We agree.

 Section 13–16–121, C.R.S. (1983 Cum.Supp.) allows recovery of costs against a public entity which brings an action "without reasonable basis or [one which] is frivolous." A claim is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984); *International Technical Instruments v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983).

 The County's argument, presented at the hearing on the motion to dismiss, was that good faith negotiations prior to institution of an eminent domain action are not required if such negotiations would be futile. Under different circumstances, such an argument might have had a reasonable basis. However, here, a condemnation action was initiated only a few days after an offer was mailed and only five days after the County stated its intent to initiate good faith negotiations. Thus, the County's assertion concerning the futility of negotiations is not factually sustainable since no reasonable time for negotiations was provided.

 Not only was the County's petition for condemnation brought without a reasonable basis in fact, but also, it was brought without a reasonable basis in law. Good faith negotiations are a jurisdictional prerequisite to condemnation. Section 38–1–102(1), C.R.S.; *Thornton v. Farmers' Reservoir & Irrigation Co.*, 194 Colo. 526, 575 P.2d 382 (1978); *Stalford v. Board of County Commissioners*, 128 Colo. 441, 263 P.2d 436 (1953). The burden is upon the petitioner to establish a failure to agree upon compensation. *Thornton, supra; Stalford, supra.*

 Under the circumstances of this case, the County's condemnation action was frivolous. Therefore, the order is reversed and the cause is remanded with directions to award the Auslaenders appropriate costs and attorney fees pursuant to § 13–16–121, C.R.S. (1983 Cum.Supp.).

VAN CISE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

It is clear that under § 13–16–121, C.R.S. (1983 Cum.Supp.), as interpreted by *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984), attorney fees may be awarded as an item of costs against a prevailing party only if it is found that the underlying action was frivolous. Also clear is the definition of frivolity: that there is no rational argument based on the evidence or the law supporting the claim brought in the underlying action. *Western United Realty, Inc. v. Isaacs, supra.*

Here, it is significant to me that this was a claim brought by a public entity seeking condemnation—an action which it had the power to bring. In my view, there was a rational argument based on the evidence presented that the offer made in a letter dated June 29, 1983, was sufficient to satisfy the statutory prerequisite of good faith negotiations. Similarly, a rational argument based on the law could be made that the later adoption by the county commissioners of a resolution authorizing the condemnation action previously filed was suffi-

cient to validate the action under a *nunc pro tunc* theory.

The fact that in both instances the trial court did not accept the argument of the county does not mean that the county's contentions were without a rational basis. A court's rejection of a legal theory or a factual premise does not necessarily mean the theory or premise was totally irrational. There is a difference between being irrational and being wrong. The trial court recognized the difference between an irrational argument and one that is merely mistaken when it ruled against the county, but found the suit not to be frivolous and therefore declined to award attorney fees.

For these reasons I respectfully dissent from the majority opinion, and in my view the judgment of the trial court should be affirmed.