BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF JEFFERSON, State of Colorado, Petitioner,

v.

Fay AUSLAENDER and Bennett A. Auslaender, and Donald E. Couch, as Treasurer of Jefferson County, Respondents.

No. 85SC394.

Supreme Court of Colorado,
En Banc.

Nov. 2, 1987.

As Modified on Denial of Rehearing
Nov. 30, 1987.

Patrick R. Mahan, Co. Atty., H. Lawrence Hoyt, Gay B. Ummel, Asst. Co. Attys., Golden, for petitioner.

Hill & Robbins, David W. Robbins, Ronald L. Wilcox, Denver, for respondents.

QUINN, Chief Justice.

We granted certiorari to review the decision of the court of appeals in *Board of County Commissioners v. Auslaender,* 710 P.2d 1180 (Colo.App.1985). In reversing the trial court's denial of Fay and Bennett Auslaender's motion for an award of

attorney fees, the court of appeals held that, due to the failure of the Jefferson County Board of County Commissioners [county] to engage in good faith negotiations prior to commencing the action, the county's initiation of a condemnation proceeding against the Auslaenders was devoid of a reasonable basis in fact or law and was frivolous, and that the Auslaenders were accordingly entitled to an award of attorney fees. We conclude that the court of appeals reached its decision without the benefit of an adequately developed evidentiary record on the legitimacy of the county's condemnation proceeding, and we thus reverse the judgment and remand the case for further proceedings on the Auslaenders' motion for attorney fees.

This case arises out of a long history of litigation over the use of a road segment which once was part of U.S. Highway 285, abandoned by the State Highway Commission in 1958. In January 1980 Fay Auslaender, who had acquired property adjacent to the north half of old Highway 285, obtained a quiet title decree to the north half of what had been the highway, and in October 1982 Bennett Auslaender, who owned the property adjacent to the south half, obtained a quiet title decree to the south half of old Highway 285. By letter to the county, Bennett Auslaender offered the county a 30-foot wide public easement across the property for $200 and the county's assurance that it would not condemn an additional interest in his or Fay Auslaender's portion of the old roadway. The letter further asserted that he "has every intention to totally resist any condemnation of his property by Jefferson County."

In December 1982 the county authorized an appraisal of the Auslaenders' properties, and on June 30, 1983, passed a resolution directing the county to "carry on negotiations in good faith to attempt to acquire said parcels without resort to eminent domain." The county sent letters of purchase offers, dated June 29, 1983, to each of the Auslaenders.[1] On July 5, 1983, the county instituted an action in condemnation against the Auslaenders, and on August 18, 1983, passed a resolution attempting to retroactively ratify the filing of that action.

The Auslaenders filed a motion to dismiss on the basis that the county had the duty to engage in good faith negotiations and that its failure to do so deprived the court of jurisdiction over the condemnation action. The district court granted the Auslaenders' motion to dismiss the condemnation petition on two grounds: (1) since failure to agree upon compensation is a prerequisite to the commencement of a condemnation proceeding, see § 38–1–102, 16A C.R.S. (1982), the time between the county's mailing of the letter containing the offer to purchase the property and the filing of the petition did not allow the Auslaenders sufficient time to respond to the county's offer; and (2) that the county's resolution of August 18, 1983, did not effectively ratify the prior filing of the condemnation action.

The Auslaenders then filed a motion for an award of attorney fees pursuant to section 13–16–121, 6 C.R.S. (1983 Supp.), on the basis that the county had no reasonable basis for commencing the condemnation action.[2] The county filed a memorandum in opposition to the Auslaenders' motion and

---

1. The record shows that the postal date on the letter to Fay Auslaender is July 26, 1983. The district court, however, found that "on June 29, 1983 the County Commissioners sent an offer to acquire said property to each of the [Auslaenders]."

2. Section 13–16–121, 6 C.R.S. (1983 Supp.), provides in pertinent part as follows:

   **Costs allowed to defendants who prevail against public entities.** The defendant in any civil action brought in any court of this state by a public entity.... if the defendant is not itself a public entity, shall be entitled to recover against a public entity all court costs, all

witness fees, and reasonable attorney fees as determined by the court if the court determines that said action was brought without reasonable basis or is frivolous. The provisions of this section shall not apply to traffic offenses, matters brought under the provisions of the "Colorado Children's Code", title 19, C.R.S., or related juvenile matters, or matters involving violations of municipal ordinances.

Section 13–6–121, 6 C.R.S. (1983 Supp.), has since been repealed. Awards of attorney fees are now governed by section 13–17–101 to –106, 6 C.R.S. (1986 Supp.).

requested the court to set the matter for hearing. The court denied the Auslaenders' request for attorney fees without a hearing. It ruled that since the county "has authority to initiate condemnation actions" and since the property sought to be condemned "would appear to be a reasonable subject for condemnation," the dismissal of the county's condemnation action due to "procedural problems" did not rise to the level of a frivolous action.

The Auslaenders appealed the district court's order denying their motion for attorney fees. In reversing the district court's order, the court of appeals held that, while the county might be relieved of its duty to negotiate in circumstances where negotiation would be futile, the county in this case did not provide the Auslaenders with any reasonable opportunity for negotiations. Consequently, in the court of appeals' view, the county's petition in condemnation was without a reasonable basis in fact or law and, in addition, was frivolous and thus subject to an assessment of attorney fees in favor of the Auslaenders. We thereafter granted the county's petition for certiorari to consider the court of appeals' resolution of this matter.

■ As pertinent here, section 13–16–121, 6 C.R.S. (1983 Supp.), permits a defendant prevailing against a public entity to recover reasonable attorney fees "if the court determines that said action is without reasonable basis or is frivolous." For purposes of section 13–16–121, 6 C.R.S. (1983 Supp.), the term "without reasonable basis" is equivalent to a "groundless" claim or defense. On the basis of our decision in *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984), a claim or defense is groundless if the allegations of the complaint or answer, while sufficient to survive a motion to dismiss for failure to state a claim or a motion to strike for failure to state a legal defense, "are not supported

by any credible evidence at trial." *Id.* at 1069. "This test assumes that the proponent has a valid legal theory but can offer little or nothing in the way of evidence to support the claim or defense." *Id.* A claim or defense is frivolous "if the proponent can present no rational argument based on the evidence or law in support of that claim or defense." *Id.* This standard of frivolousness is not intended to apply to unsuccessful but legitimate efforts to establish a new theory of law or good faith efforts to extend, modify, or reverse existing law. *Id.*[3]

■ A party filing a motion for an award of attorney fees bears the burden of proving by a preponderance of evidence its entitlement to such an award. *See* § 13–25–127, 6 C.R.S. (1973) (burden of proof in civil action, except claim for exemplary damages or body execution, "shall be by a preponderance of the evidence"). The party against whom the motion is directed must be given appropriate notice and an opportunity to controvert the motion. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984). If the motion for attorney fees is predicated on the lack of a factual basis for an asserted claim for relief or defense, the trial court is obliged to make findings that will permit meaningful appellate review of its disposition of the motion.

■ Our prior cases hold that a condemning authority must engage in reasonable good faith efforts to negotiate as a jurisdictional prerequisite to the filing of a condemnation action. *E.g., City of Thornton v. Farmers Reservoir*, 194 Colo. 526, 575 P.2d 382 (1978); *Stalford v. Board of County Comm'rs*, 128 Colo. 441, 263 P.2d 436 (1953). However, we have never addressed whether the condemning authority is relieved of such obligations when efforts at reasonable good faith negotiations would be futile, *see State v. Hurliman*, 230

---

3. We further observed in *Western United Realty:* Both of these tests [*i.e.,* "groundless" and "frivolous" tests] presuppose a certain professionalism on the part of trial counsel. Certainly, if the record reveals that counsel or any party has brought, maintained, or defended an action in bad faith, the rationale for awarding

attorney fees is even stronger. Bad faith may include conduct which is arbitrary, vexatious, abusive, or stubbornly litigious. It also may include conduct aimed at unwarranted delay or disrespectful of truth and accuracy.
679 P.2d at 1069.

Or. 98, 368 P.2d 724, 731 (1962); 6 *Nichols' Eminent Domain* § 24.14[1], at 24–242 (3d ed. 1986), and we do not resolve that question here. What is critical to the instant case is that, although the court of appeals acknowledged in its holding that the county's defense to the Auslaenders' motion for an award of attorney fees was that a governmental entity need not negotiate prior to filing a petition in condemnation when to do so would be futile, 710 P.2d at 1182, the district court never considered whether there was a factual basis, or for that matter a basis in law, for the county's asserted defense to the Auslaenders' request for attorney fees. Notwithstanding this deficiency, the court of appeals ordered an award of attorney fees against the county. In so doing, the court of appeals implicitly determined a critical matter never addressed by the district court, namely, that it would not have been futile for the county to have engaged in negotiations with the Auslaenders prior to commencing the condemnation action and that, therefore, the county's condemnation action was frivolous.[4]

It is axiomatic that an appellate court "cannot substitute itself as a finder of fact." *Gebhardt v. Gebhardt*, 198 Colo. 28, 30, 595 P.2d 1048, 1050 (1979). It was the prerogative of the district court to determine in the first instance whether the county's condemnation action was or was not "without reasonable basis" or "frivolous" because of the county's failure to engage in reasonable negotiations with the Auslaenders. The district court, however, failed to provide both the Auslaenders and the county an evidentiary hearing on this factual question. In the absence of an adequately developed record, including findings of fact and conclusions of law on the claim for attorney fees, there is simply no basis in fact or in law to support the court of appeals' determination that the Auslaenders were entitled to attorney fees.

The judgment of the court of appeals is reversed and the case is remanded to that court with directions to return the case to the district court for further proceedings on the Auslaenders' motion for attorney fees in a manner consistent with the views herein expressed.

ERICKSON, J., dissents, and MULLARKEY, J., joins in the dissent.

ERICKSON, Justice, dissenting:

I respectfully dissent. A defendant prevailing against a public entity can recover reasonable attorney fees "if the court determines that said action was brought without reasonable basis or is frivolous." Section 13–16–121, 6 C.R.S. (1984). "A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense." *Western United Realty v. Isaacs*, 679 P.2d 1063, 1069 (Colo.1984). "[I]f the record reveals that counsel or any party has brought, maintained, or defended an action in bad faith, the rationale for awarding attorney's fees is even stronger." *Id.*

In this case, attorney's fees should be awarded because the county initiated the condemnation proceeding without negotiating with the owners for acquisition of the property. The county's negotiation consisted of no more than the mailing of an offer and the granting of limited time after the mailing for the acceptance of the offer. Negotiation by the condemnor is a jurisdictional prerequisite to the commencement of an eminent domain proceeding. *City of Thornton v. Farmers Reservoir and Irrigation Co.*, 194 Colo. 526, 538, 575 P.2d 382, 392 (1978); *Interstate Trust Bldg. v. Denver Urban Renewal Auth.*, 172 Colo. 427, 433, 473 P.2d 978, 981 (1970); *Vivian v. Board of Trustees of Colo. School of Mines*, 152 Colo. 556, 561, 383 P.2d 801, 804

---

4. In holding that the Auslaenders were entitled to attorney fees, the court of appeals stated that "the county's assertion concerning the futility of negotiations is not factually supportable since no reasonable time for negotiations was provided." *Auslaender*, 710 P.2d at 1182. The county's failure to provide a reasonable time for negotiations, however, might possibly have been occasioned by the fact that any effort at negotiations would have been futile. The alleged futility of negotiations is precisely the type of question that must be resolved by the district court under an adequately developed factual record.

(1963); *Welch v. City and County of Denver*, 141 Colo. 587, 593, 349 P.2d 352, 355 (1960); *Stalford v. Board of Comm'rs*, 128 Colo. 441, 445–46, 263 P.2d 436, 438–39 (1953); *Old Timers Baseball Assoc. v. Housing Auth. of the City and County of Denver*, 122 Colo. 597, 601, 224 P.2d 219, 222 (1950); *Mulford v. Farmers Reservoir and Irrigation Co.*, 62 Colo. 167, 171, 161 P. 301, 302 (1916); *see* section 38–1–102(1), 16A C.R.S. (1982). Lengthy or face-to-face negotiations are not required. *City of Thornton*, 575 P.2d at 392. "The making of a reasonable offer to purchase in good faith by letter and allowing the property owner time to respond is sufficient." *Id.* The condemnor has the burden of establishing a failure to agree. *Id.*

The trial court order includes the following findings:

> [T]hat on June 30, 1983 the Board of County Commissioners of Jefferson County adopted resolution No. CC83–509 regarding their intent to acquire property which is the subject of this case. A portion of that resolution states as follows:
>
>> BE IT FURTHER RESOLVED that the Department of Public Works shall carry on negotiations in good faith to attempt to acquire said parcels without resort to eminent domain.
>
> The Court also finds that on June 29, 1983 the County Commissioners sent an offer to acquire said property to each of the respondent's [sic].
>
> The Court take [sic] judicial notice of the fact that June 29, 1983, was a Wednesday and further that July 2, was a Saturday and July 3, was a Sunday and July 4, was a national holiday.
>
> The Court finds further that this condemnation proceeding was commenced by filing a petition in the Jefferson County District Court on July 5, 1983. Failure to agree upon compensation is a prerequisite to filing of a condemnation proceeding. *City of Thornton vs. Farmers Reservoir* 575 P.2d 382 (Colo.1979 [1978]). All that is required to comply with this requirement is a reasonable good faith offer which can be made by

letter so long as the property owner is given a reasonable time to respond. *Id.*

> The Court finds that the time between the mailing of the letter on June 29, 1983, to the filing of this suit, July 5th, especially considering the three day holiday weekend was not a sufficient time to respond.

Bennett Auslaender submitted an affidavit asserting that he received the county's offer in the mail on July 27, 1983. Fay Auslaender, by affidavit, stated that she received the offer on August 15, 1983. I agree with the trial court, the county did not satisfy the jurisdictional prerequisite of negotiation before initiating eminent domain proceedings. *See* Annotation, *Sufficiency of Condemnor's Negotiations Required as Preliminary to Taking in Eminent Domain*, 21 A.L.R. 4th 765, 822–23 (1983) (discussing cases that denied condemnation because condemnor had allowed insufficient time to consider the offer). The court of appeals decision awarding attorney's fees to the Auslaenders should be affirmed.

I am authorized to say that Justice MULLARKEY joins in this dissent.