**The FEDERAL LAND BANK OF WICHITA, Wichita, Kansas, a corporation, Plaintiff–Appellee,**

v.

**Herman R. JOST, Defendant–Appellant.**

**No. 86CA0510.**

Colorado Court of Appeals,
Div. I.

Aug. 4, 1988.

Rider & Woulf, P.C., Steven R. Rider, Aurora, for plaintiff-appellee.

Elletson & Doby, Herbert K. Doby, Cheyenne, for defendant-appellant.

TURSI, Judge.

Defendant, Herman R. Jost, appeals the trial court's judgment in favor of plaintiff, Federal Land Bank of Wichita (the Land Bank), on a promissory note and foreclosure of a farm mortgage. We affirm.

In 1980, Jost executed a promissory note in favor of the Land Bank secured by his farm in Washington County, Colorado. He defaulted on the payments in 1984 and the Land Bank initiated this action to foreclose on the property in 1985. Jost defended, in part, on the grounds that he had been denied his claimed right to notice, hearing, and appeal on the issue of forbearance on the note.

The trial court determined that Jost was not entitled to notice of the forbearance policy since he did not meet all the necessary conditions required by 12 C.F.R. § 614.4510(d)(1) (1986) (regulation in effect at the time). The trial court further determined that Jost had been informed by the Land Bank that a forbearance policy existed but that he had failed to contact the bank to make arrangements to take advantage of that policy. Accordingly, the trial court entered judgment in favor of the Land Bank.

On appeal, Jost asserts he had a due process right to know about the Land

Bank's policy of forbearance, including his right to notice, hearing, and appeal, prior to its initiation of foreclosure proceedings. We disagree.

Federal land banks are private corporations, and while they are extensively regulated by the federal government, they are not governmental agencies; therefore, Jost had no due process right to notice and a hearing. *DeLaigle v. Federal Land Bank,* 568 F.Supp. 1432 (S.D.Ga.1983); *Federal Land Bank v. Read,* 237 Kan. 751, 703 P.2d 777 (1985). Consequently, if Jost had a right to notice, it arose under contract principles pursuant to the Land Bank's forbearance policy on farm loans.

The Land Bank operates under the Farm Credit Act, 12 U.S.C. § 2001, et seq. (1982), and is required to have a policy of forbearance. The policy is applicable when the borrower is cooperative, makes an honest effort to meet the conditions of the loan, and is capable of working out the debt. 12 C.F.R. 614.4510(d)(1) (1986) (regulation in effect at the time). If the debtor satisfies all three conditions, then he is entitled to receive notice from the Land Bank of any appropriate loan servicing techniques that are appropriate for the defaulted loan. *DeLaigle v. Federal Land Bank, supra.*

Here, the Land Bank determined that Jost was not capable of working out his debt burden and, therefore, did not qualify for forbearance. The trial court agreed that Jost had not met the criteria for the exercise of forbearance; consequently, it concluded no right to notice arose. *See DeLaigle v. Federal Land Bank, supra; Federal Land Bank v. Read, supra.* We find no reason to disturb that result. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

We note that the Code of Federal Regulations was amended in October of 1986, and now requires each lending institution to provide a copy of the applicable forbearance policy to a borrower at least 14 days, but not more than 30 days, prior to the commencement of any collection action. 12 C.F.R. 614.4513(e)(1) (1988). However, here the Land Bank began foreclosure in 1985; therefore, the amended regulation is inapplicable to this action.

Furthermore, the trial court determined that Jost had notice of the forbearance policy by virtue of the Land Bank having sent him a letter which apprised him of the things he would have to do to be entitled to forbearance and requesting him to contact the Land Bank to make further arrangements. Jost asserts on appeal that this determination by the trial court is in conflict with the evidence. He points out that the letter was not admitted into evidence and that he testified that he was unaware of any rights he had pursuant to the forbearance policy. However, even though the finding of fact is based on conflicting evidence, we may not disturb the trial court's factual determination on review. *Gebhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979).

We decline to award the Land Bank attorney fees for this appeal under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). A losing position is not necessarily groundless. *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984); *State Farm Mutual Automobile Insurance Co. v. Sanditen,* 701 P.2d 876 (Colo.App.1985).

Judgment affirmed.

PIERCE and PLANK, JJ., concur.