**STEARNS MANAGEMENT COMPANY, an Illinois corporation, and Horton Trading, Limited, Plaintiffs–Appellants and Cross–Appellees,**

**v.**

**MISSOURI RIVER SERVICES, INC., a Delaware corporation; Exxaco Energy Corporation, an inactive Texas corporation; and Ronald Schnier, individually and as the alter ego of Exxaco Energy Corporation, Defendants–Appellees and Cross–Appellants.**

**No. 01CA2166.**

Colorado Court of Appeals,
Div. II.

April 10, 2003.

Solomon Pearl Blum Heymann & Stich LLP, Theresa M. Moore, Denver, Colorado, for Plaintiffs–Appellants and Cross–Appellees.

Brega & Winters, P.C., John G. Nelson, Denver, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge MARQUEZ.

Plaintiffs, Stearns Management Company (SMC) and Horton Trading, Limited, appeal from the summary judgment dismissing their claims, but only insofar as that judgment affects the trial court's order denying defendants' motion for attorney fees. Defendants, Missouri River Services, Inc. (MRS), Exxaco Energy Corporation, and Ronald Schnier, cross-appeal the attorney fees order. We vacate that order and remand for further proceedings.

Defendant MRS was incorporated by Warren Stearns and his company, SMC, to construct and operate a casino on the reservation of the Omaha Tribe of Nebraska. The venture failed, and MRS lost all of its investment capital. Stearns and SMC consulted with an attorney and were advised against suing the Omaha Tribe.

Defendants Schnier and Exxaco, who were investors in MRS, sued Stearns, SMC, and MRS for securities fraud. In settlement of that lawsuit, Stearns transferred all interests in MRS to Schnier and Exxaco. MRS's only remaining asset was the claim against the Omaha Tribe.

MRS subsequently retained the same attorney who had advised Stearns against suing, pursued the claim against the Omaha Tribe, and obtained an arbitration award in excess of six million dollars. This award was confirmed by the United States District Court, but was subsequently lost on appeal.

After arbitration had begun, but prior to the loss on appeal, plaintiffs filed this lawsuit, alleging eight claims for relief based on the actions of defendants and their attorney. Defendants answered and filed counterclaims. The trial court granted defendants' motions for summary judgment, but denied their request for attorney fees without a hearing or findings.

At oral argument, plaintiffs' counsel conceded that plaintiffs' claims are now moot, but are being pursued on appeal to oppose defendants' cross-appeal for attorney fees. Thus, the operative issue before us is defendants' request for attorney fees. We review plaintiffs' claims only as necessary to determine this issue.

I.

Plaintiffs contend summary dismissal of their claims was improper because there were material facts in dispute with regard to each claim. We conclude that the only genuine issue of material fact was whether the attorney was representing MRS when he allegedly spoke to plaintiffs in 1992. This disputed fact implicates only plaintiffs' first and second claims.

Summary judgment is appropriate when the pleadings and supporting documents demonstrate that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a triable issue of

**632**

fact must be resolved against the moving party. *Martini v. Smith,* 42 P.3d 629 (Colo. 2002). An appellate court reviews de novo a trial court's order granting summary judgment. *Vail/Arrowhead, Inc. v. District Court,* 954 P.2d 608 (Colo.1998).

#### A.

Under their first claim, based on promissory estoppel and breach of contract, plaintiffs alleged that the attorney, as the authorized agent of MRS, stated that plaintiffs' interests against the tribe were aligned with those of MRS. Under their second claim for breach of contract, plaintiffs alleged that MRS, through its agent attorney, promised to pay SMC if MRS were successful in the litigation against the Omaha Tribe.

Defendants submitted an affidavit from Schnier stating that the attorney was not hired by MRS until 1995. However, defendants also submitted Stearns's affidavit averring that SMC retained the attorney in 1990 and that MRS retained the attorney in 1992. According to the affidavit, the attorney indicated that the interests of SMC and MRS were aligned and that should MRS recover, SMC would recover its interest. Stearns further states that the attorney assured him there was no conflict of interest between MRS and SMC with regard to the representation. MRS later adopted a resolution that "ratified, adopted, approved, and confirmed as the acts of the corporation" acts of the attorney taken with regard to the lawsuit against the Omaha Tribe.

Defendants nevertheless contend that the assertions in Stearns's affidavit are hearsay and not based on personal knowledge. However, the statement comports with C.R.C.P. 56(e) and therefore, taken together with defendants' evidence, raises a genuine issue of material fact as to when the attorney was hired and whether his statements, if made, could be construed as binding on MRS.

Defendants further contend that plaintiffs' claims are time barred under § 13–80–101(1)(a), C.R.S.2002, which requires civil actions to be commenced "within three years after the cause of action accrues." The attorney's promise purportedly was made late in 1992, and plaintiffs filed their complaint in June 2000. Arguably, the cause of action did not arise until 1999, when MRS denied SMC's demand for payment arising out of the arbitration with the Omaha Tribe, and thus, plaintiffs first and second claims would not be time barred.

Consequently, there were genuine issues of material fact with respect to the first and second claims, and summary dismissal was improper.

#### B.

However, we perceive no genuine issues of material fact as to plaintiffs' remaining six claims for relief.

#### II.

On cross-appeal, defendants contend that the trial court acted improperly in denying their motion for attorney fees under § 13–17–102, C.R.S.2002, and C.R.C.P. 11(a). Defendants assert that the court failed to make findings of fact as required by C.R.C.P. 121 § 1–22(2)(c) of the Colorado District Court Practice Standards. We agree.

C.R.C.P. 121 § 1–22(2)(a) states that this practice standard applies to requests for attorney fees made at the conclusion of the action, including awards requested pursuant to § 13–17–102. C.R.C.P. 121 § 1–22(2)(c) provides, "The court shall make findings of fact to support its determination of the motion."

Section 13–17–102(4), C.R.S.2002, states, in part, "The court shall assess attorney fees if ... it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification...."

C.R.C.P. 11 imposes the following independent duties on an attorney or a litigant who signs a pleading: (1) before a pleading is filed, there must be a reasonable inquiry into the facts and the law; (2) based on this investigation, the signer must reasonably believe that the pleading is well grounded in fact; (3) the legal theory asserted in the pleading must be based on existing legal principles or a good faith argument for the modification of existing law; and (4) the

pleading must not be filed for the purpose of causing delay, harassment, or an increase in the cost of litigation. *Maul v. Shaw,* 843 P.2d 139 (Colo.App.1992). Attorney fees may be assessed as a sanction for violating C.R.C.P. 11. *See E–470 Public Highway Authority v. Jagow,* 30 P.3d 798 (Colo.App. 2001), *aff'd,* 49 P.3d 1151 (Colo.2002).

■ Whether to award attorney fees under § 13–17–102 or as a sanction under C.R.C.P. 11 is a decision committed to the discretion of the trial court, whose ruling will not be disturbed on appeal absent an abuse of discretion. *See E–470 Public Highway Authority v. Jagow, supra; see also Weber v. Wallace,* 789 P.2d 427 (Colo.App.1989)(trial court's decision under § 13–17–102 will not be disturbed on appeal if supported by the evidence).

■ A trial court's decision to grant a motion for summary judgment is not dispositive of the issue of attorney fees. The trial court must still exercise its discretion. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); *State Farm Mutual Automobile Insurance Co. v. Sanditen,* 701 P.2d 876 (Colo.App.1985)(attorney fees should not be awarded merely because a party does not prevail).

■ Further, when awarding attorney fees, the trial court must specifically set forth the reasons for the award. Section 13–17–103, C.R.S.2002; *Board of Commissioners v. Eason,* 976 P.2d 271 (Colo.App.1998). If the trial court fails to provide findings sufficient to afford review of the reasons for the award, an appellate court must reverse the award and remand for further proceedings. *Bob Blake Builders, Inc. v. Gramling,* 18 P.3d 859 (Colo.App.2001).

However, when a trial court denies a request for attorney fees, the law is less clear. Defendants here recognize that § 13–17–103 does not require findings of fact when recovery of attorney fees is denied under § 13–17–102. However, they contend that factual findings are nonetheless required under the distinctly different language of C.R.C.P. 121 § 1–22.

Under a previous statute allowing recovery of attorney fees against public entities, the supreme court held, "If the motion for attorney fees is predicated on the lack of a factual basis for an asserted claim for relief or defense, the trial court is obliged to make findings that will permit meaningful appellate review of its disposition of the motion." *Board of County Commissioners v. Auslaender,* 745 P.2d 999, 1001 (Colo.1987).

In *Auslaender,* the trial court denied the request for attorney fees without a hearing. On appeal, a division of this court reversed, determining that the county's action was without a reasonable basis in fact or law, was frivolous, and thus was subject to an assessment of attorney fees. In reversing the court of appeals decision, the supreme court stated:

> It is axiomatic that an appellate court "cannot substitute itself as a finder of fact" .... In the absence of an adequately developed record, including findings of fact and conclusions of law on the claim for attorney fees, there is simply no basis in fact or in law to support the court of appeals' determination that the [defendants] were entitled to attorney fees.

*Board of County Commissioners v. Auslaender, supra,* 745 P.2d at 1002 (quoting *Gebhardt v. Gebhardt,* 198 Colo. 28, 30, 595 P.2d 1048, 1050 (1979)).

Two subsequent court of appeals decisions have held that § 13–17–103 does not require the trial court to make findings as to the factors in that statute when it denies a request for attorney fees. *See E–470 Public Highway Authority v. Jagow, supra; Webster v. Boone,* 992 P.2d 1183 (Colo.App.1999). However, in both of these cases, the decision to deny attorney fees occurred after a trial, and the trial courts stated general findings regarding the requests for attorney fees in their orders. Further, neither of these cases mentions C.R.C.P. 121 § 1–22. *See E–470 Public Highway Authority v. Jagow, supra* (written order stated that court had reviewed the motion and found that claims were not frivolous or groundless); *Webster v. Boone, supra* (court found neither summary judgment motion nor defenses groundless and noted issues had been fairly and vigorously litigated).

Here, the trial court's order states only: "Defendants' motion for attorney fees is denied." This motion was denied after all claims had been dismissed on either summary judgment or motion to withdraw.

While we have determined that most of plaintiffs' claims were properly dismissed, we cannot conclude, absent findings of fact, that the trial court's denial of attorney fees is not an abuse of discretion. Therefore, we vacate the order denying attorney fees and remand for findings of fact. Because neither party requested a hearing on this issue, we leave it to the trial court's discretion as to whether a hearing is necessary for it to make the appropriate findings. *See In re Marriage of Aldrich,* 945 P.2d 1370 (Colo.1997)(party who fails to make a timely request for hearing concerning award of attorney fees waives the right to a hearing); *Webster v. Boone, supra* (same).

Because plaintiffs' claims are moot, we need not consider the parties' remaining arguments.

The order on attorney fees is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge NEY and Judge CARPARELLI concur.