**Virginia D. MUNOZ and Joel Munoz, Plaintiffs–Appellees,**

v.

**Linda L. MEASNER and Devon E. Measner, Defendants–Appellants.**

No. 08CA0425.

Colorado Court of Appeals, Div. III.

Feb. 19, 2009.

Rehearing Denied April 16, 2009.

Certiorari Granted Aug. 17, 2009.

Law Offices of Jonathan S. Willett, Jonathan S. Willett, Denver, Colorado, for Plaintiffs–Appellees.

Otis Coan & Peters, LLC, Jennifer Lynn Peters, Greeley, Colorado, for Defendants–Appellants.

Opinion by Judge ROMÁN.

Defendants, Linda L. Measner and Devon E. Measner, appeal the order denying an award of attorney fees and costs against plaintiffs, Virginia D. Munoz and Joel Munoz. We affirm in part, reverse in part, and remand with directions.

## I. Background

Plaintiffs instituted this action against defendant Linda Measner in Weld County District Court in 2001 to determine ownership of an approximately 700 square foot parcel of land located between plaintiffs' property and defendant Devon Measner's property. Plaintiffs also sought damages for trespass on the disputed property. Devon Measner intervened, asserting ownership in the property and seeking damages for trespass against plaintiffs. The trial court bifurcated the quiet title action from the trespass claims, and in January 2003, tried the quiet title action.

After trial, the court concluded that while Devon Measner held record title to the property, plaintiffs were legal owners of the property by adverse possession, having, among other things, paid taxes on the land for more than seven consecutive years. Defendants appealed the decision, which a division of this court affirmed. *Munoz v. Measner*, 2005 WL 273314 (Colo.App. No. 03CA2205, Feb. 3, 2005) (not published pursuant to C.A.R. 35(f)).

While the decision was being appealed, plaintiffs amended their original complaint to include claims against defendants for outrageous conduct, nuisance, and slander of title. To support these claims, plaintiffs alleged that defendants used video surveillance and racial slurs, and that defendant Linda Measner abused a position of power in the town in an attempt to gain control of the subject property.

Defendants filed a motion for summary judgment, which the trial court granted to both defendants on the slander of title claim,

as well as to Linda Measner on the trespass and nuisance claims, finding plaintiffs had failed to produce sufficient evidence that would give rise to any disputed issue of material fact regarding those claims.

With regard to plaintiffs' claims of outrageous conduct against both defendants and trespass and nuisance against Devon Measner, the trial court held those claims survived summary judgment, because reasonable people could differ on whether using racial slurs or video surveillance was outrageous and whether the alleged video surveillance could interfere with plaintiffs' use of their property.

Later, however, the trial court issued an order to show cause why the remaining outrageous conduct, trespass, and nuisance claims should not be dismissed for failure to prosecute. At the show cause hearing, the trial court dismissed plaintiffs' remaining claims for failure to prosecute.

Defendants then filed a motion for attorney fees and costs. Pursuant to section 13–17–102(4), C.R.S.2008, defendants sought fees and costs for each claim brought by plaintiffs and provided the court with individualized reasons why fees and costs should be assessed with regard to each claim.

Due to a clerical error, the trial court inadvertently granted defendants' request for attorney fees and costs. Several weeks later, the trial court discovered its error and vacated the order, granting plaintiffs' request for a hearing on the matter. At the hearing, defendants again presented individualized evidence regarding each claim for which attorney fees and costs were requested. After the hearing, both plaintiffs and defendants provided supplemental briefing to the court. For the third time, defendants requested fees and costs for each individual claim and provided the court with their reasons. The trial court denied defendants' request for attorney fees and costs, citing the "totality of the circumstances" surrounding the case.

On appeal, defendants ask us to review whether the trial court abused its discretion by (1) vacating its original award of attorney fees and costs to them, (2) denying them attorney fees under section 13–17–102(4), (3)

denying them costs under C.R.C.P. 54(d), and (4) denying them costs under section 13–16–113(1), C.R.S.2008.

We find no abuse of discretion by the trial court in vacating its original award of attorney fees and costs, and denying costs under C.R.C.P. 54(d). However, we conclude that the trial court abused its discretion when, based on the entirety of the lawsuit, it denied attorney fees under section 13–17–102(4). We hold that when, as here, a trial court is requested to evaluate each claim or defense individually, as substantially frivolous or groundless, to determine whether attorney fees should be awarded under section 13–17–102(4), the statute requires it to do so. Further, because an award of costs for claims dismissed for failure to prosecute is mandatory under section 13–16–113(1), the trial court erred in denying defendants' request for those costs.

Accordingly, we reverse and remand to the trial court for findings on the individual claims under section 13–17–102(4), as well as a determination of the amount of costs related to defendants' defense of the outrageous conduct claims and the nuisance and trespass claims against Devon Measner.

## II. C.R.C.P. 60(b)

At the outset, defendants argue the trial court abused its discretion when it set aside its order granting their original motion for attorney fees and costs. Specifically, they contend plaintiffs' failure to respond to their motion for attorney fees within fifteen days caused the motion to be confessed and therefore attorney fees were properly awarded. We disagree.

■ A party seeking attorney fees bears the burden of proving, by a preponderance of the evidence, entitlement to the award. *City of Holyoke v. Schlachter Farms R.L.L.P.*, 22 P.3d 960, 962–63 (Colo.App.2001). C.R.C.P. 60(b) allows a court to correct any mistake made in an order within six months of the order becoming final. C.R.C.P. 60(b). Appellate review of a grant or denial of a motion under C.R.C.P. 60(b) is limited to determining whether the district court abused its discretion. *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 604 (Colo.App.2007).

Here, plaintiffs were switching attorneys when they failed to file a response to defendants' motion for attorney fees and costs. However, they did file a C.R.C.P. 60(b) motion within six months of the trial court's order granting defendants attorney fees and costs. Because defendants' motion was inadvertently granted, it was not an abuse of discretion for the trial court to vacate its own order and require a hearing on whether attorney fees and costs should be awarded.

## III. Attorney Fees

■ Defendants next argue the trial court abused its discretion by failing to award them attorney fees under section 13–17–102(4), because plaintiffs' claims were substantially frivolous or groundless.

Initially, though, defendants argue the trial court abused its discretion when it failed to make findings specific to each claim despite being provided with individualized reasons why fees and costs should be assessed on each claim. Under these circumstances, we agree.

Section 13–17–102(4) states:

The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification.... As used in this article, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

■ The determination by a trial court of whether a claim lacks substantial justification is reviewed for an abuse of discretion. *See, e.g., Spring Creek Ranchers Ass'n v. McNichols*, 165 P.3d 244, 246 (Colo.2007); *Remote Switch Systems, Inc. v. Delangis*, 126 P.3d 269, 275 (Colo.App.2005). Where part of an action is alleged to be substantially frivolous or groundless, a trial court must review that part of the action in accordance with factors enumerated in section 13–17–103, C.R.S.2008, even when it ultimately denies the claim.

Section 13–17–103(1), C.R.S.2008, states in pertinent part:

When granting an award of attorney fees, the court shall specifically set forth the reasons for said award and shall consider the following factors, among others, in determining whether to assess attorney fees and the amount of attorney fees to be assessed against any offending attorney or party:

(a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;

(b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;

(c) The availability of facts to assist a party in determining the validity of a claim or defense;

(d) The relative financial positions of the parties involved;

(e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;

(f) Whether or not the issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;

(g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;

(h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

§ 13–17–103, C.R.S.2008.

■ We conclude a trial court should be guided by these factors, as pertinent to the case, in determining whether to deny a claim for attorney fees. *See Stearns Mgmt. Co. v. Mo. River Servs., Inc.*, 70 P.3d 629, 633–34 (Colo.App.2003) (a trial court's findings of fact regarding attorney fees are integral to appellate review and therefore should be made when denying a claim as well as granting one).

■ Thus, where fees are appropriately requested, and the request is supported with individualized reasons, a court should consider and evaluate each request for attorney fees. The language of the statute directs this course. *See* § 13–17–102(4), C.R.S.2008 (the court shall assess fees if "upon the motion of any party or the court itself, it finds that an attorney or party brought or defended *an action, or any part thereof,* that lacked substantial justification" (emphasis added) ).

We find support for our conclusion in the legislative declaration preceding section 13–17–102, which indicates the legislature sought to provide attorney fees to parties forced to litigate against claims or defenses that lacked substantial justification, even if other claims brought had merit. *See* § 13–17–101, C.R.S. 2008 ("[T]he general assembly hereby sets forth provisions for the recovery of attorney fees in courts of record when the bringing or defense of an action, or part thereof (including any claim for exemplary damages), is determined to have been substantially frivolous, substantially groundless, or substantially vexatious.").

Further support for this conclusion can be found in section 13–17–103(1)(e), which provides that a court should consider "[w]hether or not the action was prosecuted or defended, *in whole or in part,* in bad faith" in determining the amount of attorney fees to be awarded. (Emphasis added.)

Here, the trial court did not address the individual claims. Instead, it stated:

After reviewing all the allegations, the pleadings, the law of the case and considering the totality of the circumstances, the Court finds that Defendants have failed to prove that the Plaintiffs' claims lacked substantial justification, [or] were interposed for delay or harassment.

Rather than focusing on the entire litigation to determine the motion, the trial court should have addressed those individual parts of the action for which defendants sought fees. By failing to do so, it abused its discretion.

Accordingly, we reverse the trial court's order declining to award attorney fees and remand for the court to make findings and conclusions consistent with this opinion.

## IV. Costs

Defendants argue the trial court abused its discretion when it failed to award costs to them for defense of plaintiffs' tort claims. Defendants' contentions are twofold. First, they contend the trial court abused its discretion by failing to award costs under C.R.C.P. 54(b), which provides for costs to the prevailing party of an action. Second, defendants contend the trial court abused its discretion by failing to award costs under section 13–16–113(1), because several of plaintiffs' claims were dismissed for failure to prosecute.

We conclude the trial court did not abuse its discretion in determining that neither party prevailed for the purpose of awarding costs under C.R.C.P. 54(d). However, because an award of costs under section 13–16–113(1) is mandatory, we remand to the trial court for a determination of costs incurred on those claims dismissed for failure to prosecute.

### A. C.R.C.P. 54(d)

 C.R.C.P. 54(d) states in pertinent part that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

> A "prevailing party" is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation. When a case involves multiple claims, some of which are successful and some of which are not, the trial court has sole discretion to determine who is a prevailing party, even if the claims are filed by only one party.

*Pastrana v. Hudock,* 140 P.3d 188, 190 (Colo. App.2006). Thus, where a party prevails on some but not all of multiple claims, the trial court has discretion to determine which, if any, party was "the" prevailing party. *Archer v. Farmer Bros. Co.,* 90 P.3d 228, 231 (Colo.2004). In determining whether to award costs a trial court should assess the outcome of the case in its overall context. *Id.* We review an award or denial of costs under C.R.C.P. 54(d) for an abuse of discretion. *Id.* at 230.

Here, we agree with the trial court that to determine the prevailing party in this action where each party prevailed on some claims, it is necessary to look at each party's success in the context of the overall litigation. Having done so, we find no abuse of discretion by the trial court in its determination that neither party was so successful as to be the prevailing party entitled to costs.

### B. Section 13–16–113(1)

 Defendants further argue they are entitled to costs under section 13–16–113(1), because plaintiffs' claims for outrageous conduct against both of them and negligence and trespass against Devon Measner were dismissed by the trial court for failure to prosecute. We agree.

Section 13–16–113(1) states that "[i]n all cases where any action is dismissed for irregularity, or is nonprossed or nonsuited by reason that the plaintiff neglects to prosecute the same, the defendant shall have judgment for his costs."

Although defendants requested costs under section 13–16–113(1) in their motion for attorney fees and costs, the trial court did not address the issue in its order denying defendants' motion. We conclude, however, that because these claims were dismissed with prejudice by the trial court for failure to prosecute, defendants are entitled to their costs related to these claims under section 13–16–113(1).

Accordingly, we remand to the trial court for determination of the costs related to these claims.

The order is reversed as to defendants' requests for attorney fees under section 13–17–102(4) and for costs under section 13–16–113(1). The case is remanded to the trial court for further proceedings consistent with this opinion, including proper findings under section 13–17–102(4). In all other respects, the order is affirmed.

Judge CASEBOLT and Judge LOEB concur.