Virginia D. MUNOZ and Joel
Munoz, Petitioners

v.

Linda L. MEASNER and Devon
E. Measner, Respondents.

No. 09SC421.

Supreme Court of Colorado,
En Banc.

Feb. 28, 2011.

Rehearing Denied March 21, 2011.

Jonathan S. Willett Denver, Colorado, Attorney for Petitioners.

Otis, Coan & Peters, LLC, Jennifer Lynn Peters, Greeley, Colorado, Attorneys for Respondents.

Justice EID delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' reversal of the trial court's denial of attorney fees pursuant to section 13–17–102(4), C.R.S. (2010). *See Munoz v. Measner*, 214 P.3d 510 (Colo.App.2009). This case initially arose out of a quiet title action brought in 2001. After the trial court dismissed certain claims brought by Virginia D. Munoz and Joel Munoz (the "Munozes"), Linda L. Measner and Devon E. Measner (the "Measners") moved for an award of attorney fees. After an evidentiary hearing was held, the trial court denied the Measners' fee request. The Measners appealed and the court of appeals reversed. The court of appeals held that the trial court abused its discretion by concluding that the Munozes' claims did not lack substantial justification (and that therefore a fee award was not appropriate) without analyzing each claim individually, according to the factors enumerated in section 13–17–103(1), C.R.S. (2010). *Munoz*, 214 P.3d at 514.

We now reverse the court of appeals. We hold that the plain language of section 13–17–103(1) requires the trial court to make specific factual findings with regard to the application of the section's enumerated factors only when granting an award of fees, not when denying an award, as occurred here. Instead, when denying attorney fees, the trial court must make sufficient findings such that adequate appellate review can be exercised. We find that the trial court's denial of the Measners' fee request was supported by sufficient findings, including the proper claim-by-claim analysis, and that the court did not abuse its discretion in denying the request.

## I.

The case before us began as a dispute over an approximately 700 square foot parcel of land ("the Parcel"). The Parcel is located between the property of the Munozes and Devon Measner. The Munozes began this action by filing a quiet title action and seek-

ing damages for trespass against Linda L. Measner, Devon Measner's mother, in June 2001. Devon Measner intervened as a third-party defendant, asserting ownership in the Parcel and seeking damages for trespass against the Munozes.

The trial court bifurcated the quiet title and trespass actions, and tried the quiet title action in January 2003. The trial court concluded that the Munozes had become legal owners of the Parcel through adverse possession. The Measners appealed that ruling, and the trial court's decision was affirmed. *See Munoz v. Measner*, No. 03CA2205, 2005 WL 273314 (Colo.App. Feb.3, 2005) (not published pursuant to C.A.R. 35(f)).

While the appeal was pending, the Munozes amended their original complaint to include claims against the Measners for outrageous conduct, nuisance, and slander of title. The Measners filed a motion for summary judgment, which the court granted as to both defendants on the slander of title claim, and as to Linda Measner on the trespass and nuisance claims. The court found that the Munozes had failed to produce sufficient evidence that would give rise to any disputed issue of material fact. However, the outrageous conduct claims against the Measners and the trespass and nuisance claims against Devon Measner survived summary judgment. The court set the trial date for November 13, 2006.

On October 26, 2006, counsel for the Munozes filed a motion to withdraw from the case. Soon thereafter the Munozes also requested that the court dismiss their counsel, citing insufficient case preparation. A motion to continue was filed so that the Munozes could find a new lawyer. In response to this motion, the court vacated the trial set for November 13, 2006, and issued an Order to Show Cause why the case should not be dismissed. A hearing was held on the Order to Show Cause on November 13, 2006, at which time the court dismissed the remaining claims with prejudice due to the Munozes' failure to prosecute.

On November 22, 2006, the Measners filed a motion requesting attorney fees for the trespass, nuisance, outrageous conduct, and slander of title claims. The court conducted a hearing on the motion on August 8, 2007. On January 15, 2008, the trial court denied the Measners' request for attorney fees. The court held that the Measners were not entitled to attorney fees because section 13–17–102(4) requires a court to assess attorney fees only where the action "lacked substantial justification." The court reasoned that the Measners had failed to demonstrate that the Munozes' claims lacked such justification. As the trial court stated, "[e]ven though [the Measners] prevailed on their summary judgment motion on the trespass, nuisance and slander of title claims, that does not prove that they were frivolous, groundless or maintained in bad faith.... [The Munozes] attempted to present evidence in good faith to support their claims.... However, the Court found that such evidence was insufficient and failed to generate material issues of fact as to these claims." [1]

The Measners appealed and the court of appeals reversed the trial court. The court held that the trial court abused its discretion by concluding that the claims did not lack substantial justification (and that therefore a fee award was not appropriate) without analyzing each claim individually, according to the factors enumerated in section 13–17–103(1). The court remanded the case to the trial court for further findings on the issue of attorney fees. We granted certiorari[2] and now reverse the court of appeals.

## II.

The general assembly has declared that the courts "of this state have become

---

1. In their motion for fees, the Measners requested fees related to the outrageous conduct claim as well as the other claims described by the trial court. The trial court did not specifically mention the outrageous conduct claim in its holding denying fees (although the claim is referenced earlier in the order). Because the parties proceed on the assumption that the trial court denied the entire fee request, we do so as well.

2. Specifically, we granted certiorari on the following issue:

Whether the court of appeals erred in reversing the trial court's denial of attorney fees pursuant to § 13–17–102(4), C.R.S. (2008), because the trial court did not use the factors laid out in § 13–17–103(1), C.R.S. (2008), to assess whether attorney fees were warranted.

increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice." § 13–17–101, C.R.S. (2010). "In response to this problem," the legislature has promulgated standards for parties to recover attorney fees in actions that are determined to "have been substantially frivolous, substantially groundless, or substantially vexatious." *Id.* In this case, the trial court denied the Measners' request for attorney fees. The court of appeals reversed, holding that the district court failed to analyze each claim according to the factors enumerated in section 13–17–103(1).[3] We hold that the plain language of section 13–17–103(1) requires the trial court to make specific factual findings with regard to the application of the section's enumerated factors only when granting an award of fees, not when denying an award, as occurred here. Instead, when denying attorney fees, the trial court must make sufficient findings such that adequate appellate review can be exercised. We find that the trial court's denial of the Measners' fee request was supported by sufficient findings, including the proper claim-by-claim analysis, and that the court did not abuse its discretion in denying the request.

The attorney fees analysis begins with section 13–17–102(4), which states that the "court shall assess attorney fees if ... it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification." Thus, the first step of the analysis is to determine whether the action in question (or any part

thereof) "lacked substantial justification." In making that determination, the court should consider whether the action was "substantially frivolous, substantially groundless, or substantially vexatious." § 13–17–102(4).

■ As the court of appeals observed, section 13–17–102(4) must also be read in conjunction with section 13–17–103(1), which further assists the court in determining when an award of attorney fees is appropriate. *Munoz*, 214 P.3d at 514. Section 13–17–103(1) directs that the court "shall consider the following factors, among others, in determining whether to assess attorney fees," including, for example, "[t]he extent of any effort made to determine the validity of any action or claim before said action or claim was asserted," "[w]hether or not the action was prosecuted or defended, in whole or in part, in bad faith," and "[w]hether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict." § 13–17–103(1)(a), (e), & (f). The factors listed in section 13–17–103(1) thus give context and content to section 13–17–102(4)'s direction to the court that fees are appropriate when a claim is substantially frivolous, groundless, or vexatious. We therefore agree with the court of appeals that "a trial court should be guided by [the factors set forth in section 13–17–103(1) ], as pertinent to the case, in determining whether to" assess attorney fees. *Munoz*, 214 P.3d at 514.

We disagree with that portion of the court of appeals' analysis, however, that requires a trial court to make specific findings accord-

---

**3.** The full text of section 13–17–103(1) is as follows:

> In determining the amount of an attorney fee award, the court shall exercise its sound discretion. When granting an award of attorney fees, the court shall specifically set forth the reasons for said award and shall consider the following factors, among others, in determining whether to assess attorney fees and the amount of attorney fees to be assessed against any offending attorney or party:
>
> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;

> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
>
> (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
>
> (g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;
>
> (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

ing to the factors enumerated in section 13–17–103(1) when *denying* a request for attorney fees. *Id.* at 513 ("[A] trial court must review [each part] of the action in accordance with the factors enumerated in section 13–17–103, C.R.S.2008, even when it ultimately denies the claim."); *id.* at 515 (remanding the case for "proper findings under section 13–17–102(4)"). Instead, we find that the language of the statute does not require specific findings according to the factors enumerated in section 13–17–103 when denying a fee request, but rather only when granting such a request.

Section 13–17–103(1) states that *"[w]hen granting an award of attorney fees,* the court shall *specifically* set forth the reasons for said award ..." (emphasis added). By its plain terms, the language requires "speci-fi[c]" findings regarding the factors only when the trial court is "granting" a fee request, not denying one. Here, because the trial court determined that an award of attorney fees was not appropriate, it was not required to specifically set forth its analysis of the section 13–17–103(1) factors in order to deny the fee request.

■ While the trial court need not set forth with specificity its reasons for denying a fee request under the section 13–17–103(1) factors, however, it still must "make findings that will permit meaningful appellate review." *Bd. of Cnty. Comm'rs v. Auslaender,* 745 P.2d 999, 1001 (Colo.1987). In *Auslaender,* the trial court denied, without a hearing, a request for attorney fees under section 13–16–121, 6 C.R.S. (1983 Supp.), which permitted a defendant to recover reasonable attorney fees against a public entity if the action instituted by that entity was determined to be without reasonable basis or frivolous. *Id.* We found that the trial court, in denying the fees, "failed to provide the [defendants] and [the public entity] an evidentiary hearing on" whether the entity's action was frivolous, which in turn created "the absence of an adequately developed record" on the issue of fees. *Id.* at 1002. We then remanded the case to the trial court for further consideration of the motion for fees. *Id.* Applying *Auslaender* here, a trial court must set forth findings that are sufficient to allow, under an abuse of discretion standard, appellate review of the trial court's decision to deny a fee request. *Stearns Mgmt. Co. v. Mo. River Servs., Inc.,* 70 P.3d 629, 634 (Colo.App.2003) (remanding section 13–17–102(4) fee request "for findings of fact" on the ground that "we cannot conclude, absent findings of fact, that the trial court's denial of attorney fees is not an abuse of discretion").

■ After an examination of the record, we find that the trial court's findings in this case are sufficient for us to perform such a review, and conclude that the court did not abuse its discretion in denying the Measners' fee request. After the August 8, 2007 hearing, the trial court found that even though the Munozes did not prevail on their claims, those claims were not frivolous, groundless, or brought in bad faith. According to the trial court's order, "[the Munozes] attempted to present evidence in good faith to support their claims of trespass, nuisance and slander of title against [the Measners]. However, the Court found that such evidence was insufficient and failed to generate material issues of facts as to these claims." The trial court was addressing the Measners' primary argument for fees (which they reprise here) that because the trial court found that the Munozes' claims could not survive summary judgment, the claims "by definition" lacked substantial justification under section 13–17–102(4). As the trial court properly held, simply because a claim lacks merit does not mean that it was frivolous, groundless, or vexatious under section 13–17–102(4). *Remote Switch Sys., Inc. v. Delangis,* 126 P.3d 269, 275 (Colo.App.2005) (a determination that a party is not entitled to relief does not automatically make its claims frivolous). According to the trial court, the Munozes "attempted to present evidence in good faith" in support of their claims—a relevant factor under section 13–17–103(1)(e)—but simply fell short of what was required to create an issue of material fact. The trial court did not abuse its discretion in coming to this conclusion. *See Archer v. Farmer Bros. Co.,* 90 P.3d 228, 231 (Colo.2004) ("[T]he trial court is in the best position to evaluate the relative strengths and weaknesses of each party's claims, the significance of each party's suc-

cesses in the context of the overall litigation, and the time devoted to each claim.").

We also disagree with the court of appeals' conclusion that the trial court abused its discretion by failing to consider the Measners' fee request on a claim-by-claim basis. *Munoz*, 214 P.3d at 514. The source of the court of appeals' concern was the portion of the trial court's order in which it stated that "[a]fter reviewing all the allegations, the pleadings, the law of the case and considering the totality of the circumstances," a fee award was not appropriate. *Id.* The appellate court concluded that the trial court had ignored the statutory language that permits a fee award even when only a portion of the litigation lacks substantial justification. *Id.*[4]

Although the trial court stated that it had arrived at its conclusion after having reviewed the entire record of the case, we read that statement simply as an indication that the trial court had studied the case before coming to a decision, not as an indication that it failed to consider the Measners' fee request on a per claim basis. Indeed, after making that statement, the court went on to consider the Measners' fee request on a per claim basis. For example, the court noted that the Munozes' "trespass, nuisance and slander of title claims" did not lack substantial justification and that the Munozes "attempted to present evidence in good faith to support their claims of trespass, nuisance and slander of title," but such evidence was insufficient.[5]

In sum, we find that the trial court's denial of the Measners' fee request was supported by sufficient findings, including the proper claim-by-claim analysis, and that the court did not abuse its discretion in denying the request. Accordingly, we reverse the court of appeals.

### III.

For the reasons set forth above, we reverse the court of appeals.

---

4. *See* § 13–17–102(4) (the court shall assess fees if "upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, *or any part thereof,* that lacked substantial justification") (emphasis added); § 13–17–101 (fees are appropriate when "an action, or *part thereof*" is deemed groundless, frivolous, or substantially vexatious) (emphasis added); and § 13–17–103(1)(e) (court should consider whether action was prosecuted "*in whole or in part*" in bad faith in determining whether to assess fees) (emphasis added).

5. We note that the Measners' fee request asked for reimbursement for all attorney fees spent on this litigation. While the request went on to attempt to explain why each claim would qualify for reimbursement, at no point did the Measners submit documentation to the court indicating that they could show how many fees were accumulated on each individual claim. Furthermore, at the hearing held on the attorney fees motion, a senior partner at the firm representing the Measners testified that there was significant interrelationship, not just between the various claims, but between this case and the prior quiet title action.