SUMMARY November 24, 2021 2021COA142 No. 20CA0649, Wesley v. Newland — Attorney Fees — Joint and Several Fee Awards; Civil Procedure — Joinder A division of the court of appeals addresses two issues of first impression. First, whether the Colorado Rules of Civil Procedure authorize joinder of former counsel for the purposes of postjudgment proceedings in which attorney fees are sought. Second, what a court must do to comply with the mandatory “shall allocate” language in section 13-17-102(3), C.R.S. 2021, when imposing an attorney fees award. The division concludes that courts have the authority under the Colorado Rules of Civil Procedure to join former counsel for the purposes of postjudgment proceedings in which attorney fees are sought. The division also concludes that, when imposing an The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion. 
 attorney fees award, a district court must consider the allocation of fees between the party and the party’s present or former counsel and must make sufficient findings to enable meaningful appellate review. Given the district court concluded it lacked the authority to join former counsel and did not make sufficient findings regarding allocation, the division reverses and remands this issue for further proceedings. 
 COLORADO COURT OF APPEALS 2021COA142 Court of Appeals No. 20CA0649 City and County of Denver District Court No. 18CV33631 Honorable Kandace C. Gerdes, Judge Nicole Wesley, Plaintiff, and Cornell Johnson, Attorney-Appellee, v. Sarah Newland, Defendant-Appellant. ORDERS AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS Division II Opinion by JUDGE BERGER Yun and Davidson*, JJ., concur Announced November 24, 2021 The Law Office of Cornell Johnson P.C., Cornell Johnson, Denver, Colorado, for Attorney-Appellee James Stadler, Jonathan Saadeh, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2021. 
1 ¶ 1 The winning party in this civil case sought an award of attorney fees under the frivolous and groundless litigation statute against both the opposing party and her lawyer who had previously withdrawn from representing her (withdrawn lawyer). The district court awarded fees against the opposing party but did not address whether fees should be awarded against the party’s withdrawn lawyer. In a separate order, the court also imposed costs only against the party. ¶ 2 Resolution of this appeal requires us to decide two legal questions. Does the district court have the authority under the Colorado Rules of Civil Procedure to join the former attorney as a party for postjudgment proceedings under section 13-17-102, C.R.S. 2021? What must the district court do to comply with section 13-17-102(3)’s mandate that a court “shall allocate” the payment of a fee award “among the offending attorneys and parties, jointly or severally, as it deems most just”? ¶ 3 We hold that the district court has authority under the Colorado Rules of Civil Procedure to join the former lawyer for these purposes. We also hold that the court must consider the allocation of fees between the party and the party’s present or former counsel 
2 and must make sufficient findings to enable meaningful appellate review. Applying these holdings, we reverse the district court’s order denying joinder of former counsel, affirm the costs order, and remand for further proceedings. I. Relevant Facts and Procedural History ¶ 4 This appeal arises out of a tort action that concluded when the district court granted defendant Sarah Newland’s motion to dismiss for failure to prosecute. ¶ 5 Cornell Johnson represented plaintiff, Nicole Wesley, for most of that lawsuit. About a month before trial, however, Johnson filed an unopposed motion to withdraw on the grounds that Wesley had terminated his representation. After holding a hearing, the district court granted the motion, and Wesley proceeded pro se through dismissal. ¶ 6 Relevant here, Newland made two postjudgment motions: a motion for attorney fees under section 13-17-102(4) and a motion to join Wesley’s former counsel Johnson as a party for postjudgment proceedings under C.R.C.P. 19, 20, and 21. Newland also filed a bill of costs that mentioned only Wesley, though the later attorney fees motion also requested that costs be imposed against Johnson. 
3 ¶ 7 After ordering and receiving a response from Johnson (who argued there was no precedent for joining a withdrawn attorney), the district court denied the joinder motion. The entire order provided as follows: The Court has reviewed the Motion and response, as well as the applicable legal authority. The Court finds that CRCP Rule 19, Rule 20 and/or Rule 21 do not contemplate such a request by Defendant. Accordingly, the Motion to Join Cornell Johnson (Plaintiff Nicole Wesley’s dismissed counsel) in post-judgment proceedings is DENIED. ¶ 8 Following its denial of the joinder motion, the court, without holding a hearing, granted the attorney fees motion in part. That order primarily considered the reasonableness of Newland’s fee request and imposed fees against Wesley only. Possibly because the court refused to join Johnson, the order did not indicate that the court considered allocation of fees against him. In a separate order, the court also imposed costs against Wesley and not Johnson. ¶ 9 Newland appealed. Wesley has not filed a brief in this appeal, but Johnson moved to intervene in the appeal, which this court allowed over Newland’s objection, and has filed an answer brief. 
4 II. Analysis A. Joinder Motion ¶ 10 Newland first contends that the district court erred when it denied her post-trial motion to join Johnson. We agree. 1. Standard of Review and Preservation ¶ 11 “Whether to join a party is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.” City of Aurora ex rel. Util. Enter. v. Colo. State Eng’r, 105 P.3d 595, 623 (Colo. 2005), as modified on denial of reh’g (Feb. 14, 2005). A court abuses its discretion if its decision is “manifestly arbitrary, unreasonable, or unfair, or if [the court] misapplies the law.” AA Wholesale Storage, LLC v. Swinyard, 2021 COA 46, ¶ 32. ¶ 12 The parties agree that this issue was preserved. 2. Analysis ¶ 13 The Colorado Rules of Civil Procedure provide that “[p]arties may be dropped or added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just.” City of Aurora, 105 P.3d at 623 (quoting C.R.C.P. 21) (emphasis in original). The rules “authorize joinder in situations where one party seeks to join a person who may be liable for the same debt or 
5 conduct that is already before the court.” Id. (emphasis added). Specifically, C.R.C.P. 20(a) provides that [a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. ¶ 14 These joinder rules “should be ‘liberally construed’” and “indicate clearly a general policy to disregard narrow technicalities and to bring about the final determination of justiciable controversies without undue delay.” Stockdale v. Ellsworth, 2017 CO 109, ¶ 31 (quoting City of Aurora, 105 P.3d at 623). ¶ 15 The Colorado Supreme Court has twice affirmed joinder of a party for the limited purpose of postjudgment proceedings in which attorney fees were sought. In one case, a water court joined the City of Aurora as a party after trial on the grounds that the city had an agency relationship with one of the parties to the action. City of Aurora, 105 P.3d at 621. The supreme court affirmed joinder of the city “solely for the purpose of determining liability for attorney fees.” 
6 Id. at 623. And in Stockdale, the court affirmed joinder of a corporation’s alter ego owner for the purposes of seeking attorney fees. Stockdale, ¶¶ 8, 30-31. ¶ 16 Applying both the plain language of the relevant rules and the supreme court cases construing those rules, we conclude that former counsel may be joined for the purpose of a postjudgment motion seeking attorney fees under section 13-17-102. Former counsel against whom attorney fees are sought “may be liable for the same debt or conduct that is already before the court.” City of Aurora, 105 P.3d at 623. That is, a court may conclude that the attorney brought a civil action that lacked substantial justification and is liable jointly or severally with the client for the opposing party’s attorney fees. See § 13-17-102(3), (4). ¶ 17 Johnson argues that former counsel cannot be joined because attorneys are “officers of the court, not parties.” We reject this argument. Johnson cites no authority providing that attorneys cannot be joined for the purposes of postjudgment proceedings seeking attorney fees. Moreover, the Colorado Supreme Court has rejected the broad proposition that an attorney can never be joined as a party. See Vinton v. Virzi, 2012 CO 10, ¶¶ 11-13. 
7 ¶ 18 Newland conceded at oral argument that she did not argue below that the district court continued to have jurisdiction over Johnson after he was granted leave to withdraw. If continuing jurisdiction exists, there might be no need to join Johnson as a formal party. Because Newland raises this argument for the first time on appeal (and presents it, at best, as an underdeveloped argument), we do not decide it.1 See McGihon v. Cave, 2016 COA 78, ¶ 10 n.1; People v. Draper, 2021 COA 120, ¶ 99 n.11. ¶ 19 Ultimately, the district court’s conclusion that the Colorado Rules of Civil Procedure did not authorize joinder of Johnson misapplied the law and therefore was an abuse of discretion. 1 On remand, however, the court may address the question of whether joinder of Johnson is even necessary when reconsidering the joinder issue. See, e.g., Brown v. Silvern, 141 P.3d 871, 874 (Colo. App. 2005) (holding that a district court retained subject matter jurisdiction over trial counsel even after the entry of voluntary dismissal for the purposes of determining whether to impose sanctions against trial counsel under C.R.C.P. 11 and 37 or attorney fees under section 13-17-102, C.R.S. 2021); Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005) (holding the fact an attorney “was allowed to withdraw as counsel due to a conflict of interest [did] not protect him from sanctions based on a filing that he made before that withdrawal”); 2 James W. Moore et al., Moore’s Federal Practice § 11.23(6)[a] (3d ed. 2021) (“[A] court may assess sanctions against a lawyer who has withdrawn from a case before the opposing party has moved for sanctions or the court has issued a show cause order.”). 
8 B. Attorney Fees Motion ¶ 20 Newland next contends that the district court erred by granting her attorney fees motion only against Wesley and not against Johnson. 1. Standard of Review and Preservation ¶ 21 A district court has “broad discretion when determining whether to award attorney fees” and “absent an abuse of discretion, its decision will not be disturbed on appeal.” In re Marriage of Tognoni, 313 P.3d 655, 660-61 (Colo. App. 2011). Again, an abuse of discretion occurs when the court misapplies the law. Swinyard, ¶ 32. ¶ 22 The parties dispute whether Newland preserved this issue. Specifically, Johnson argues that the attorney fees motion was untimely under C.R.C.P. 121, section 1-22(b). We reject this argument because even assuming the motion was untimely, if a district court accepts a filing beyond the timeline set forth in Rule 121 “without expressly granting an extension, it has impliedly exercised its discretion under the rule.” US Fax L. Ctr., Inc. v. Henry Schein, Inc., 205 P.3d 512, 516 (Colo. App. 2009). 
9 ¶ 23 Johnson goes further and argues that “[b]y failing to object to [Johnson’s] motion to withdraw and failing to raise the issue of attorney fees before the trial court granted [withdrawal],” Newland waived this claim of error or invited the error. ¶ 24 We also reject this argument. Johnson has cited no authority providing that an attorney immunizes himself from an attorney fees award under the statute by withdrawing without opposition. We conclude that given an attorney fees award may be assessed against “an attorney . . . [who] brought or defended an action . . . that lacked substantial justification,” an opposing party need not object to withdrawal to later seek an attorney fees award. § 13-17-102(4) (emphasis added). ¶ 25 Our conclusion also finds support in substantial Colorado and federal authority. See Moore v. DeBruine, 631 P.2d 1194, 1195 (Colo. App. 1981) (holding a party who failed to present evidence that a plaintiff’s claims were groundless until trial could still seek an award); see also Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005) (holding the fact an attorney “was allowed to withdraw as counsel due to a conflict of interest [did] not protect him from sanctions based on a filing that he made before that withdrawal”); 
10 Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) (holding a Fed. R. Civ. P. 11 sanction determination may be made “after the principal suit has been terminated”). 2. Analysis ¶ 26 Newland argues that when a district court imposes an attorney fees award, it is required to allocate the award among the offending attorney and party as it deems most just.2 We conclude the district court abused its discretion when it failed — as best we can tell from the record — to consider whether to allocate the attorney fees award against Wesley, Johnson, or both, and when it 2 Newland cursorily argues that this court should also award district court costs against Johnson because section 13-17-102(2) authorizes the imposition of costs against an attorney under Castillo v. Koppes-Conway, 148 P.3d 289, 292-93 (Colo. App. 2006). Specifically, Newland argues that Castillo “included an award of costs along with attorney fees against the plaintiff’s attorney under C.R.S. § 13-17-102(2).” Newland is incorrect. Castillo is inapposite because the costs portion of the award in that case was imposed under C.A.R. 38, while the attorney fees portion was imposed under section 13-17-102. Id. at 292-93. And section 13-17-102 makes no mention of awarding costs against an attorney — the statute on which Newland relies authorizes only the imposition of attorney fees against an attorney. See § 13-17-102(1) (authorizing the award of reasonable attorney fees “in addition to any costs otherwise assessed”). Accordingly, we affirm the costs order. 
11 failed to make factual findings sufficient to permit meaningful appellate review on that issue. ¶ 27 When a court orders attorney fees under section 13-17-102, the court “shall allocate the payment thereof among the offending attorneys and parties, jointly or severally, as it deems most just, and may charge such amount, or portion thereof, to any offending attorney or party.” § 13-17-102(3) (emphasis added). “The presumption is that the word ‘shall,’ when used in a statute, is mandatory.” Swift v. Smith, 119 Colo. 126, 136, 201 P.2d 609, 614 (1948). ¶ 28 While the statute does not require a district court to impose liability jointly and severally against a party and an attorney (or to otherwise allocate the responsibility to pay the fees to the client or attorney), the statute does require that a district court exercise its discretion by at least considering doing so. ¶ 29 The district court’s attorney fees order does not comply with this statutory mandate. True, Newland filed a motion for attorney fees that specifically sought fees against Johnson. But we find no indication in the court’s order or the record that the court exercised its discretion. 
12 ¶ 30 In considering the required question of allocation, we also conclude that the district court must make findings sufficient for an appellate court to determine whether the court properly exercised its discretion. ¶ 31 In Munoz v. Measner,3 the Colorado Supreme Court held that a district court needs to make specific findings regarding certain statutory factors only when granting an attorney fees award and not when denying an award. 247 P.3d 1031, 1034-35 (Colo. 2011) (discussing section 13-17-103(1), C.R.S. 2010). But when denying the award, a district court “still must ‘make findings that will permit meaningful appellate review.’” Id. at 1035 (quoting Bd. of Cnty. Comm’rs v. Auslaender, 745 P.2d 999, 1001 (Colo. 1987)). ¶ 32 Just as a district court must make sufficient findings to allow for meaningful appellate review of a fee award denial, we conclude a court must also make factual findings that will permit meaningful 3 We recognize that the Colorado Supreme Court has held that a district court must make specific factual findings under section 13-
17-103, C.R.S. 2021, when granting a fees motion and that a court need not do so when denying a fees motion. See Munoz v. Measner, 247 P.3d 1031, 1034-35 (Colo. 2011). However, on appeal, Newland challenges the denial of fees as to Johnson, which does not require specific findings on those factors. See id. at 1035. 
13 review of allocation under section 13-17-102(3). The district court’s attorney fees order did not provide such findings.4 III. Conclusion ¶ 33 We reverse the order denying joinder of Johnson and remand the case for further proceedings. We affirm the costs order. We do not disturb the attorney fees award order entered against Wesley. However, on remand, the district court must at least consider allocating an attorney fees award against Johnson. If the court exercises its discretion to do so, it may amend the order against Wesley, and it must make sufficient findings to enable meaningful appellate review. JUDGE YUN and JUDGE DAVIDSON concur. 4 In Parker v. Davis, a case cited by neither the parties nor the district court, a division of this court found that a district court “implicitly rejected” an attorney’s argument to allocate fees between the attorney and his client, which was “well within the range of discretion” of the court under the statute. 888 P.2d 324, 326 (Colo. App. 1994). The facts of Parker, however, are distinguishable, and we do not view the case as inconsistent with our holding.