24CA1928 Commissioner of Agriculture v Waldrop 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1928
Arapahoe County District Court No. 24CV31081
Honorable Elizabeth Beebe Volz, Judge

---

Commissioner of Agriculture,

Plaintiff-Appellee,

v.

Rebecca Waldrop,

Defendant-Appellant.

---

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division VII
Opinion by JUDGE TOW
Moultrie and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Philip J. Weiser, Attorney General, Kelly B. Larson, Senior Assistant Attorney General, Charles J. Kooyman, Senior Assistant Attorney General, Katie M. Davis, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Environmental and Animal Defense, Alexa McKay, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Rebecca Waldrop, appeals the district court's order dismissing the complaint filed by plaintiff, the Commissioner of Agriculture (Commissioner), without imposing conditions and the court's post-dismissal order denying her request for attorney fees. We dismiss the appeal as to the order dismissing the complaint and affirm the order denying the request for fees.

## I.     Background

¶ 2     In the complaint, the Commissioner alleged the following.

¶ 3     Waldrop owned and operated Douglas County Canine Rescue (DCCR), a pet animal rescue facility licensed under the Pet Animal Care and Facilities Act (PACFA), §§ 35-80-101 to -117, C.R.S. 2025. Waldrop made false and fraudulent statements in her application to renew her pet animal facility license. The Commissioner denied the application. Consequently, as of April 8, 2024, Waldrop did not have a license to operate any type of pet animal facility. Waldrop continued operating DCCR as a pet animal facility without a valid license. The Commissioner issued Waldrop a cease-and-desist order enjoining her from continuing to operate without a valid license. Waldrop failed to comply with the cease-and-desist order.

1

¶ 4     The Commissioner sought injunctive relief against Waldrop. The district court granted an ex parte temporary restraining order the day after the complaint was filed.  Several days later, the court granted a preliminary injunction and set a hearing on a permanent injunction.

¶ 5     Waldrop moved to dismiss the complaint, alleging that the complaint sought to hold her liable for the actions of DCCR, which was not named as a defendant in the complaint.  Before the hearing, the Commissioner also moved to dismiss the complaint and vacate the hearing on the permanent injunction.  Waldrop opposed this dismissal and noted that the cease-and-desist order, which was the basis for the claims, had been dismissed by an administrative law judge.  The district court dismissed the action and vacated the hearing.

¶ 6     Two weeks later, Waldrop filed a motion for attorney fees. Nearly two months after the case was dismissed, the district court denied the motion, finding that the Commissioner had a good faith basis for filing the original suit and that when action was taken after the suit had been filed that undermined the basis for it, the Commissioner promptly moved to dismiss it.

## II.   Discussion

¶ 7   Waldrop contends that the district court erred by dismissing the complaint while "failing to consider or impose conditions [on the dismissal] as required by C.R.C.P. 41." Waldrop also contends that the court erred by denying her post-dismissal motion for attorney fees. Because her challenge to the dismissal order is untimely, we dismiss that portion of her appeal. And we discern no error in the denial of her post-dismissal request for attorney fees.

### A.   The Dismissal Order

¶ 8   A final judgment on the merits is separately appealable from any order resolving a later request for attorney fees. *Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1074 (Colo. 1988). A dismissal may be such a final judgment, regardless of whether it is designated as with or without prejudice, if it "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶¶ 46-48 (quoting *In re Water Rts. of Elk Dance Colo., LLC*, 139 P.3d 660, 668 (Colo. 2006)).

¶ 9    Because they are separately appealable, a party must appeal each within the proper timeline — i.e., "within 49 days" of the entry of the order.  C.A.R. 4(a)(1).

¶ 10    Waldrop filed a single notice of appeal 48 days after the district court entered its order denying Waldrop's attorney fees request but 104 days after the order of dismissal.  Thus, Waldrop's appeal is timely as to the attorney fees order but untimely as to the order granting the motion to dismiss.  In light of this untimeliness, we lack jurisdiction to consider her contention that the court should have conditioned the C.R.C.P. 41(a)(2) dismissal on the payment of attorney fees.  Accordingly, we dismiss the appeal as to that order.

### B.    The Order Denying Attorney Fees

¶ 11    Regarding the order denying her request for attorney fees, Waldrop contends that the district court should have granted her fees under C.R.C.P. 41; C.R.C.P. 11; section 13-17-102, C.R.S. 2025; and C.R.C.P. 121, section 1-15.  We disagree.

### 1.    Standard of Review and Applicable Law

¶ 12    When reviewing a trial court's dismissal under C.R.C.P. 41(a)(2), we review for an abuse of discretion "[t]he trial court's

4

decision to impose terms and conditions, or to refrain from doing so." *FSDW, LLC v. First Nat'l Bank*, 94 P.3d 1260, 1265 (Colo. App. 2004). The decision to award attorney fees under C.R.C.P. 11 or section 13-17-102 is similarly committed to the discretion of the district court, and we will not disturb such a ruling on appeal absent an abuse of that discretion. *Stearns Mgmt. Co. v. Mo. River Servs., Inc.*, 70 P.3d 629, 633 (Colo. App. 2003). A court abuses its discretion when it misapplies or misconstrues the law or its decision is manifestly arbitrary, unreasonable, or unfair. *Int'l Network, Inc. v. Woodard*, 2017 COA 44, ¶ 24.

¶ 13     A district court must set forth findings that are sufficient to allow appellate review of its decision to deny a fees request. *Munoz v. Measner*, 247 P.3d 1031, 1035 (Colo. 2011).

¶ 14     To the extent our review depends on an interpretation of PACFA, we review such questions de novo. *See Hassler v. Acct. Brokers of Larimer Cnty., Inc.*, 2012 CO 24, ¶ 15. Our primary purpose when construing a statute is to ascertain and give effect to the General Assembly's intent. *Id.* We look first to the statute's language, giving words and phrases their plain and ordinary

meanings. *Id.* If the statute is unambiguous, we need not conduct any further statutory analysis. *Id.*

¶ 15    C.R.C.P. 11(a) imposes affirmative obligations on an attorney signing a pleading:

> The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading is signed in violation of this rule, the court "shall impose . . . an appropriate sanction, which may include an order to pay to the other party . . . the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee." C.R.C.P. 11(a). But

> [r]easonable expenses, including a reasonable attorney's fee, shall not be assessed if, after filing, a voluntary dismissal or withdrawal is filed as to any claim, action or defense, within a reasonable time after the attorney or party filing the pleading knew, or reasonably should have known, that he would not prevail on said claim, action, or defense.

6

*Id.*

¶ 16    Under section 13-17-102(4), a court shall assess attorney fees if it finds that an attorney or party brought or defended an action, or any part of an action, "that lacked substantial justification or . . . was interposed for delay or harassment" or that an attorney or party "unnecessarily expanded the proceeding by other improper conduct, including . . . abuses of discovery procedures." An action lacks substantial justification if it is "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-101.5(1), C.R.S. 2025.

¶ 17    "A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense." *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). A claim is not considered frivolous merely because it ultimately proves unsuccessful. *Id.* "A vexatious claim is one brought or maintained in bad faith to annoy or harass." *Bockar v. Patterson*, 899 P.2d 233, 235 (Colo. App. 1994). "It may include conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of truth." *Id.*

## 2. Analysis

¶ 18    As an initial matter, Waldrop contends that the district court did not explicitly consider each rule under which she requested attorney fees and made insufficient findings to deny her request. We disagree.

¶ 19    The district court cited section 13-17-102, section 13-17-102(5), and Rule 11; in addition, the court noted the standard for when an action lacks substantial justification and stated that a claim is not frivolous simply because the action proved unsuccessful. Moreover, as noted, the district court found that the Commissioner had a good faith basis for filing the original suit and when the cease-and-desist order was dismissed, the Commissioner promptly moved to dismiss the complaint and vacate the permanent injunction hearing.

¶ 20    Because we can discern the basis for the district court's decision, we conclude that it made sufficient findings to allow for meaningful appellate review as to the denial of attorney fees under section 13-17-102 and Rule 11. *Contrast Munoz*, 247 P.3d at 1035-36 (concluding that trial court's denial of the fees request was supported by sufficient findings), *with Stearns Mgmt. Co.*, 70 P.3d at

634 (concluding that district court's statement that "[d]efendants' motion for attorney fees is denied" was insufficient finding).

¶ 21     As to Waldrop's request for attorney fees under C.R.C.P. 121, section 1-15, while the district court did not specifically cite this rule, we conclude that we can still review the district court's implicit rejection of Waldrop's invocation of it, as discussed more fully below, because the plain language of the rule does not provide a basis for the court to award Waldrop attorney fees.

### a.     C.R.C.P. 41

¶ 22     We reject Waldrop's contention that the district court should have granted her request for attorney fees under C.R.C.P. 41 as a condition for dismissing the complaint. The court had already dismissed the complaint in the order that Waldrop did not timely appeal. Waldrop cites no authority — and we are aware of none — that would permit a court to retroactively impose conditions on a dismissal that had already been granted. And, as noted above, her avenue for challenging the court's omission of any such conditions in the order of dismissal was to file a timely appeal of that order — which she did not.

## b.    C.R.C.P. 11

¶ 23    Waldrop contends that the district court erred by denying her attorney fees under C.R.C.P. 11(a) because the Commissioner intentionally and erroneously named her in the complaint when it should have named DCCR.  She also contends that the subsequent dismissal of the cease-and-desist order did not absolve the Commissioner of initially determining if she was the correct party against whom to file the complaint.  We discern no error.

¶ 24    The Commissioner filed the complaint for injunctive relief under section 35-80-111(2)(b), (3), C.R.S. 2025, which allows the Commissioner to seek injunctive relief against any person who has violated PACFA.  *See Kourlis v. Dist. Ct.*, 930 P.2d 1329, 1334 (Colo. 1997).  Nothing in this statute requires the Commissioner to only sue a licensee as Waldrop contends.  Rather, section 35-80-111(2)(b), (3) provides that the Commissioner can seek a temporary restraining order and an injunction against "any person."

¶ 25    Section 35-80-111(2)(b) also provides that the Commissioner can seek a temporary restraining order and an injunction against "any person" who has failed to comply with a cease-and-desist order within twenty-four hours.  The cease-and-desist order was issued

10

against DCCR and Waldrop, and when the complaint was filed, it was a valid order. Thus, contrary to Waldrop's contention, the Commissioner did not violate Rule 11 by filing the complaint against Waldrop.[1]

¶ 26     Once the cease-and-desist order was dismissed, the Commissioner no longer had a good faith basis to pursue an injunction against Waldrop and moved for dismissal of the complaint. As noted, C.R.C.P. 11(a) does not allow reasonable attorney fees to be assessed if a voluntary dismissal is filed within a reasonable time after the party filing the pleading knew, or reasonably should have known, that they would not prevail. Indeed, the district court found that the Commissioner promptly moved to dismiss the complaint once the basis for the suit had been undermined. Thus, the district court did not err by not awarding Waldrop attorney fees under Rule 11.

---

[1] Notably, the administrative law judge, in the order dismissing the cease-and-desist order, did not make a finding about whether Waldrop or DCCR was the licensee. Rather, the judge dismissed the cease-and-desist order because it had been issued before the license had expired and, thus, was premature.

11

### c.　Section 13-17-102

¶ 27　Waldrop next contends that the district court erred by denying her attorney fees under section 13-17-102 because the claim was substantially frivolous and/or vexatious. Specifically, Waldrop again argues that the district court could not rely on the subsequent dismissal of the cease-and-desist order as the basis for denying her request for attorney fees. We disagree.

¶ 28　Like C.R.C.P. 11(a), section 13-17-102(5) provides that

> [a]ttorney fees . . . shall not be assessed if, after filing suit, a voluntary dismissal is filed as to any claim or action within a reasonable time after the attorney . . . or party filing the dismissal knew, or reasonably should have known, that the attorney . . . or party would not prevail on the claim or action.

And, again, the district court found that the Commissioner promptly moved to dismiss the complaint once the basis for the suit had been undermined.

¶ 29    Further, for the same reasons, we again reject Waldrop's argument that the Commissioner should have named DCCR, not her, as the defendant.[2]

¶ 30    Thus, the district court did not abuse its discretion by not awarding Waldrop attorney fees under section 13-17-102(4).

### d.    C.R.C.P. 121, Section 1-15

¶ 31    Finally, Waldrop contends that the district court erred by denying her attorney fees under Rule 121, section 1-15 because of the Commissioner's failure to confer before filing her motion to dismiss the complaint.  We discern no error.

¶ 32    As relevant here, C.R.C.P. 121, section 1-15(8) states that "[u]nless a statute or rule governing the motion provides that it may be filed without notice, moving counsel and any self-represented party shall confer with opposing counsel and any self-represented parties before filing a motion."  It further provides that

---

[2] We decline to address Waldrop's undeveloped argument that the Commissioner relied on "legal impossibilities" to the extent it goes beyond the two aforementioned contentions and merely references her trial court briefing.  *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development."); *Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006).

> [t]he motion shall, at the beginning, contain a certification that the movant in good faith has conferred with opposing counsel and any self-represented parties about the motion. If the relief sought by the motion has been agreed to by the parties or will not be opposed, the court shall be so advised in the motion.

C.R.C.P. 121, § 1-15(8). And it provides that "[i]f no conference has occurred, the reason why, including all efforts to confer, shall be stated." *Id.*

¶ 33   This same rule states that "[i]f a frivolous motion is filed or if frivolous opposition to a motion is interposed, the court may assess reasonable attorney's fees against the party or attorney filing such motion or interposing such opposition." C.R.C.P. 121, § 1-15(7).

¶ 34   Waldrop does not contend — nor could she — that the Commissioner's motion to dismiss (as opposed to the complaint itself) was frivolous. *See* C.R.C.P. 121, § 1-15(7). Indeed, because a C.R.C.P. 12 motion to dismiss is not an answer or a motion for summary judgment, *see Burden v. Greeven*, 953 P.2d 205, 208 (Colo. App. 1998), the Commissioner did not need to file a motion to dismiss the complaint at all; she could have simply dismissed the action by notice. C.R.C.P. 41(a)(1). Thus, we discern no impropriety in the alleged lack of conferral.

¶ 35     Thus, the district court did not err by declining to award Waldrop attorney fees under C.R.C.P. 121, section 1-15.

### III.     Disposition

¶ 36     The appeal is dismissed as to the order dismissing the complaint.  The attorney fees order is affirmed.

JUDGE MOULTRIE and JUDGE TAUBMAN concur.